IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SEMINOLE NATION OF OKLAHOMA, )
)
Plaintiff, )
)
v. ) No.: 06cv00935L
) Judge George W. Miller
THE UNITED STATES OF AMERICA, )
)
Defendant. )
)

**PARTIES' JOINT MOTION TO AMEND**
**COURT'S FEBRUARY 27, 2007 ORDER**
**AND [PROPOSED] ORDER**

Pursuant to Rule 7(b) of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully request that this Court amend its Order issued on February 27, 2007, to modify the reporting requirements set forth in Paragraph four of the Court's Order.

On February 27, 2007 Order, the Court granted the parties' joint motion for a temporary stay of litigation to February 27, 2008. Docket (Doc.) #6. The Court went on, however, to require the following:

> Beginning on Friday, March 30, 2007, and every 30 days thereafter, the parties shall file a joint status report advising the Court of the status of their efforts to: 1) develop a 'cooperative framework for obtaining relevant or potentially relevant documents;' and 2) explore the 'possibility of settling this case.' Each status report shall also describe any activity since the prior status report in any of the cases listed in Ex. 1 to the parties' Joint Motion for Temporary Stay, and any additional similar cases that may be filed subsequent to the filing of the parties' Joint Motion.

Id., Paragraph 4.

The parties understand and appreciate the informational basis of the Court's status reporting requirement. At the same time, however, they seek to balance that informational value against their time and resource constraints and limitations. Specifically, the parties seek to address the informational needs of the Court, maximize the value of the periodic status reports, and minimize

the burdens imposed by the reporting process on their already scarce time and resources.

Accordingly, the parties respectfully request that the Court modify its reporting requirement in two ways. First, the parties ask that the Court allow the parties to file a joint status report every 120 days, instead of monthly. Second, the parties ask that the Court eliminate the requirement that the joint status report in this case include a description of "any activity since the prior status report in any of the cases listed in Ex. 1 to the parties' Joint Motion for Temporary Stay, and any additional similar cases that may be filed subsequent to the filing of the parties' Joint Motion." Id. The grounds for this joint motion are as follows:

1. As Defendants previously informed the Court, there are presently about 103 Tribal trust accounting and trust mismanagement lawsuits pending in this Court,[1/] in the United States District Court for the District of Columbia,[2/] and in the United States District Courts in Oklahoma.[3/] Doc. #5. Of those 103 cases, Plaintiff's counsel and her law firm are responsible for the following cases, on behalf of six Tribes, before this Court: Kaw Nation of Oklahoma v. United States, No. 06-cv-00934-FMA; Miami Tribe of Oklahoma v. United States, No. 06-cv-00939-LSM; Otoe-Missouria Tribe of Indians v. United States, No. 06-cv-00937-LAS; Pawnee Nation of Oklahoma v. United States, No. 07-cv-00002-SGB; Seminole Nation of Oklahoma v. United States, No. 06-cv-

[1/] There are currently 57 Tribal trust cases, including this one, in the Court of Federal Claims. Doc. #5.

[2/] There are currently 37 Tribal trust cases the United States District Court for the District of Columbia. Id. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id.

[3/] There are currently nine Tribal trust cases, including Plaintiff's companion case, in the United States District Courts in Oklahoma. Id. Most of the Tribes bringing these lawsuits (like Plaintiff) have also filed companion cases in the Court of Federal Claims. Id.

00935-GWM; and Tonkawa Tribe of Indians v. United States, No. 06-cv-00938-BAF (Fed. Cl.). Id. In addition, Plaintiff's counsel and her law firm have brought the following companion cases for declaratory and injunctive relief, on behalf of five Tribes, in various United States District Courts of Oklahoma: Kaw Nation v. Kempthorne, No. 06-cv-01437-W (W.D. Okla.); Miami Tribe of Oklahoma v. Kempthorne, No. 06-cv-00698-CVE-SAJ (N.D. Okla.); Otoe-Missouria Tribe of Indians v. Kempthorne, No. 06-cv-01436-C (W.D. Okla.); Seminole Nation of Oklahoma v. Kempthorne, No. 06-cv-00556-SPS (E.D. Okla.); and Tonkawa Tribe of Indians v. Kempthorne, No. 06-cv-01435-F (W.D. Okla.). Id.

2. In this case and Plaintiff's companion case and in a majority of the other Tribal trust accounting and trust mismanagement cases (including those filed by Plaintiff's counsel and her law firm), the parties have agreed to explore the possibility of resolving the Tribes' issues and claims, through settlement or alternative dispute resolution (ADR) and without the need for protracted litigation. Further, they have agreed to undertake certain tasks and activities to advance the parties' settlement or ADR discussions, including the production and use of informally relevant or potentially relevant documents and data to educate or better inform the parties about the bases for Plaintiff's issues and claims. Additionally, the parties have requested and been granted, in the majority of the pending cases, temporary stays of litigation or extensions of time, of varying lengths, from 90 days to a year, so that the parties could undertake the foregoing.

3. In the majority of cases in which the parties have sought and obtained temporary stays of litigation or extensions of time, the parties have been and continue to be or will be filing periodic status reports. These reports are generally due every 90 or 120 days, and, with the exception of this case, no reports are due on a more frequent basis than every 90 days.

4. The Court's requirement that the parties file a status report every 30 days about their informal document and data production and settlement efforts in this case, as well as the status and activity in the other 102 pending cases, is unique to this case and creates an undue burden on the parties. The monthly status reporting requirement obligates the parties to expend their already limited time and resources to compile and assemble the relevant information; draft the joint status report; submit that draft for review; collect and incorporate comments on the draft; negotiate changes to the document based on the comments; finalize and file the document. This obligation is especially burdensome on Defendant, whose counsel has to undertake the time-consuming and labor-intensive effort with respect to 103 cases. The obligation is also burdensome on Plaintiff, whose attorneys are also handling a total of 11 cases on behalf of six Tribes.

5. The parties respectfully request that they be permitted to file joint status reports in this case every 120 days. Based on its experience in other Tribal trust cases, Defendant believes that a 120-day reporting cycle would provide an appropriate time-frame by which to gauge, determine, and be informed about the progress of the parties' settlement or ADR progress. Further, the parties hold the view that, with a 120-day reporting cycle, they would be able to devote more of their limited time and resources on joint, cooperative efforts to advance the resolution of Plaintiff's issues and claims in this case and Plaintiff's companion case, through settlement or ADR, without the need for further litigation. Additionally, the counsel for the parties would be able to devote more attention to the cases involving the other Tribes represented by Plaintiff's counsel and her law firm. Further, Defendant's counsel would be able to dedicate more of their time and effort to yet other Tribal trust accounting and trust mismanagement cases, including those that are in active litigation.

6. The parties expect that they will have to expend considerable time and resources on

the tasks and activities necessary to further settlement or ADR efforts in this and other cases. One example lies in the production of relevant or potentially relevant documents and data. Even though the parties plan to engage in the informal production of such documents and data, to the maximum extent possible, that production—especially as to Defendant's data and documents—is nonetheless highly time-consuming and labor-intensive. Defendant anticipates that a significant number of the relevant or potentially relevant documents in which Plaintiff is interested is likely to be located at the American Indian Records Repository ("AIRR"), in Lenexa, Kansas. In order to access documents at this facility, the parties will have to search the electronic database of the AIRR's holdings (known as the BISS or "Box Indexing Search System"); review the search results; and identify those boxes that may contain relevant documents. Thereafter, the Solicitor's Office of the United States Department of the Interior will have to review the boxes for privileged materials before making the boxes available to Plaintiff for its inspection. Upon review, Plaintiff will have to designate those documents that it wishes to have reproduced; Defendant will have to image and code the designated documents; and the Solicitor's Office of the Interior Department and Defendant's counsel will have to conduct secondary privilege, confidentiality, and due diligence reviews of the document images before Defendant's counsel can produce the document images to Plaintiff. Other sources or locations of relevant or potentially relevant documents are various offices of the Bureau of Indian Affairs (BIA), the Office of Special Trustee for American Indians (OST), and other sub-agencies of the Interior Department; the Department of the Treasury, and various National Archives facilities. The identification, inspection, imaging and coding, and production of relevant or potentially relevant documents at these other sources or locations will have to follow the same or similar process as the one for the AIRR. A reporting cycle of 120 days provides an

appropriate period for tracking the progress of these time-intensive document production activities and will allow the parties to devote more of their limited time and resources to completing the document productions, evaluating the documents, and advancing the resolution of Plaintiff's issues and claims through settlement or ADR based, in part, on the documents.

7. The parties understand and appreciate the Court's desire and interest in being properly informed about their progress in resolving Plaintiff's issues and claims in this case, as well as the companion case, without the need for further litigation. At the same time, however, they believe that the Court's goals and objectives can be achieved in a manner that does not impose undue burdens on the parties, overtax their already scarce resources, or detract from or hinder their efforts to resolve this case, the companion case, and other cases in a cost-effective, efficient, and effective manner.

WHEREFORE, the parties respectfully request that their joint motion seeking to amend the Court's February 27, 2007 Order be GRANTED; that they be permitted to file joint status reports in this case every 120 days, instead of 30 days; and that the scope of their reports cover only the status of their efforts to resolve Plaintiff's issues and claims in this case and Plaintiff's companion case.

Respectfully submitted this 30th day of March, 2007,

*s/ Martin J. LaLonde for*
*s/ Sandra Benischek Harrison*
SANDRA BENISCHEK HARRISON
Andrews Davis, P.C.
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK
Tel: (405) 272-9241
Fax: (405) 235-8786

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247

Fax: (202) 353-2021

Attorney of Record for Plaintiff

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

THOMAS KEARNS
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227