IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SEMINOLE NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 06cv00935L |
| | ) | Judge George W. Miller |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PARTIES' JOINT STATUS REPORT PURSUANT TO APRIL 13, 2007 ORDER**

Pursuant to this Court's order dated April 13, 2007, Docket No. (Doc. #) 13, Plaintiff and Defendant (the parties herein) submit the following joint report about the status of certain Tribal trust accounting and trust mismanagement cases that have been filed in this Court and in various United States District Courts. Specifically, the Court ordered the parties to report jointly on

> the status of their efforts to 1) develop a "cooperative framework for obtaining relevant or potentially relevant documents;" and 2) explore the 'possibility of settling this case. . . . [and] any activity since the prior status report in: 1) any of the five other tribal trust fund cases pending before the Court of Federal Claims ("COFC") in which counsel for plaintiff in this case is also counsel for plaintiff; and 2) any of the five "companion cases," pending in the United States district courts in Oklahoma, to those cases pending before the COFC in which counsel for plaintiff in this case is also counsel for plaintiff. In addition, the Government shall advise the Court, in each such report, of any developments in those tribal trust fund cases in the COFC that are in "active litigation" as that phrase is used in ¶ 5 on p. 4 of the parties' joint motion.

Id., ¶ 4

1. As the parties previously informed the Court, there are presently 103 Tribal trust accounting and trust mismanagement cases in this Court and in the United States District Court for the District of Columbia and in Oklahoma. Doc. #5 (Exhibit 1). Of those 103 cases, 57 cases are in this Court, 37 are in the United States District Court in the District of Columbia, and nine are in various United States District Courts in Oklahoma. Id. About 33 Tribes filed cases in this Court

and in the United States District Court. Id. Plaintiff is one of those Tribes with cases in both courts. Id.

Cases Brought by Plaintiff's Counsel and Her Law Firm

2. Under the Court's order, the parties are required to report on the status of the following six cases brought by Plaintiff's counsel and her law firm in this Court: Kaw Nation of Oklahoma v. United States, No. 06-cv-00934-FMA; Miami Tribe of Oklahoma v. United States, No. 06-cv-00939-ECH; Otoe-Missouria Tribe of Indians v. United States, No. 06-cv-00937-LAS; Pawnee Nation of Oklahoma v. United States, No. 07-cv-00002-SGB; Seminole Nation of Oklahoma v. United States, No. 06-cv-00935-GWM; and Tonkawa Tribe of Indians v. United States, No. 06-cv-00938-BAF.

3. Additionally, the parties are required to report on the status of the following five companion cases brought by Plaintiff's counsel and her law firm in various United States District Courts in Oklahoma: Kaw Nation v. Kempthorne, No. 06-cv-01437-W (W.D. Okla.); Miami Tribe of Oklahoma v. Kempthorne, No. 06-cv-00698-CVE-SAJ (N.D. Okla.); Otoe-Missouria Tribe of Indians v. Kempthorne, No. 06-cv-01436-C (W.D. Okla.); Seminole Nation of Oklahoma v. Kempthorne, No. 06-cv-00556-SPS (E.D. Okla.); and Tonkawa Tribe of Indians v. Kempthorne, No. 06-cv-01435-F (W.D. Okla.).

4. Counsel for the parties in the foregoing cases have conferred and agreed that the parties would explore the possibility of settlement or ADR discussions to address the Tribes' trust accounting and trust mismanagement claims and that, wherever possible, they would seek jointly a temporary stay of litigation, so as to enable their exploration of settlement or ADR. Also, counsel for the parties agreed that it would be practical and sensible for the Tribes and Defendant to develop

jointly a cooperative approach for addressing those claims, especially the ones that share common issues or have cross-cutting elements. Further, counsel for the parties have agreed that they would undertake the informal exchange and production of documents and data that are relevant or potentially relevant to the Tribes' trust accounting and trust mismanagement claims, so as to enable or facilitate their settlement or ADR discussions.

5. At the Tribes' requests, Defendant has copied and provided to the Tribes' counsel the compact discs (CDs) containing the imaged documents and the analytical results of the reconciliation project that had been conducted by the United States Department of the Interior (Interior), on the Tribes' trust fund accounts, in the 1990s. The Tribes' counsel have been and continue to be reviewing the reconciliation project materials.

6. The Tribes and Defendant have scheduled a series of meetings between counsel; Tribal government officials and interested Tribal members; attorneys from the Interior Department's Office of the Solicitor; employees of the Interior Department's Office of Historical Trust Accounting (OHTA); and accountants from one of OHTA's accounting contractor. One meeting purpose is for OHTA and its accounting contractor to explain the Tribal trust reconciliation project—including its methodology, documentation, and results—to the Tribes' counsel, officials, and members. Another meeting purpose is for the parties to discuss possible analytical approaches (based, to the extent feasible, on the reconciliation project results) that the parties may use to address the Tribes' trust accounting and trust mismanagement claims in the settlement or ADR discussions. The parties have scheduled the meetings on June 25-28, 2007. The meetings probably will occur in Oklahoma City, OK.

5. As to the cases brought by Plaintiff's counsel and her law firm in this Court,

a. In Kaw Nation, No. 06-cv-00934-FMA, the Court granted, in part, Defendant's unopposed motion for enlargement of time to file its Answer or otherwise respond to the Complaint on February 26, 2007. Doc. #7. The Tribe filed an Amended Complaint on March 23, 2007. Doc. #9. Defendant filed its Answer to the Amended Complaint on April 30, 2007. Doc. #10. The parties' joint preliminary status report (JPSR) is due June 25, 2007.

b. In Miami Tribe, No. 06-cv-00939-ECH, the Court denied the parties' joint motion for temporary stay of litigation on March 7, 2007, and ordered the Tribe to "show cause as to why its case should remain before the [Court] in light of 28 U.S.C. § 1500 (2000) and governing precedent." Doc. #11. Further, the Court ordered Defendant to file its Answer by March 21, 2007. Id. The Tribe filed an Amended Complaint on March 16, 2007, and its "show cause" brief on March 28, 2007. Docs. ##13 and 17. Defendants filed its Answer to the Amended Complaint on March 30, 2007, and its response to the Tribe's "show cause" brief on April 20, 2007. Docs. ##18 and 21. The Tribe did not file a reply. The parties are awaiting the Court's ruling.

c. In Otoe-Missouria Tribe, No. 06-cv-00937-LAS, the parties filed a joint motion for temporary stay of litigation on February 23, 2007. Doc. #5. The Court granted the joint motion on March 5, 2007. Doc. #7. The stay of litigation expires on February 27, 2008. Id. The Court ordered, inter alia, that the parties file a joint status report on or before that date. Id. The Tribe filed an Amended Complaint on March 23, 2007. Doc. #8.

d. In Pawnee Nation, No. 07-cv-00002-SGB, the parties filed a joint motion for temporary stay of litigation on February 23, 2007. Doc. #5. The Court granted the joint motion on March 1, 2007. Doc. #6. The stay of litigation expires on February 27, 2008. Id. The Court ordered, inter alia, that the parties file a joint status report on or before that date. Id. The Tribe filed

an Amended Complaint on March 23, 2007. Doc. #8.

e. In this case, Seminole Nation, No. 06-cv-00935-GWM, the parties requested and received an enlargement of time, from April 30, 2007, to May 4, 2007, to file this joint status report. Doc. #15. The Court granted the parties' joint request by minute order on May 1, 2007.

f. In Tonkawa Tribe, No. 06-cv-00938-BAF, the parties filed a joint motion for temporary stay of litigation on February 23, 2007. Doc. #8. The Court granted the joint motion on February 26, 2007. Doc. #9. The stay of litigation expires on February 27, 2008. Id. The Court ordered, inter alia, that the parties file a joint status report on or before that date. Id. The Tribe filed an Amended Complaint on March 23, 2007. Doc. #12.

6. As to the cases brought by Plaintiff's counsel and her law firm in the various United States District Courts in Oklahoma,

a. In Kaw Nation, No. 06-cv-01437-W (W.D. Okla.), the Tribe accomplished service on the United States Attorney's Office on April 27, 2007. Doc. #5. By Defendant's calculation, under Rule 4 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the Answer is due June 26, 2007.

b. In Miami Tribe, No. 06-cv-00698-CVE-SAJ (N.D. Okla.), the Tribe accomplished service on the United States Attorney's Office on April 27, 2007. Doc. #9. By Defendant's calculation, under Fed. R. Civ. P. 4, the Answer is due June 26, 2007.

c. In Otoe-Missouria Tribe, No. 06-cv-01436-C (W.D. Okla.), the Tribe accomplished service on the United States Attorney's Office on April 27, 2007. Doc. #9. By Defendant's calculation, under Fed. R. Civ. P. 4, the Answer is due June 26, 2007.

d. In Seminole Nation, No. 06-cv-00556-SPS (E.D. Okla.), the Tribe

accomplished service on the United States Attorney's Office on April 26, 2007. Docs. ##9 and 10. By Defendant's calculation, under Fed. R. Civ. P. 4, the Answer is due June 25, 2007. On April 30, the Court issued an order setting a joint scheduling and status conference on June 15, 2007, and directing the parties to submit their joint status report on June 11, 2007. Doc. #11.

e. In Tonkawa Tribe of Indians v. Kempthorne, No. 06-cv-01435-F (W.D. Okla.), the Court issued an order setting a joint scheduling and status conference on May 31, 2007, and directing the parties to submit their joint status report on May 29, 2007. Doc. #3. The Tribe accomplished service on the United States Attorney's Office on April 27, 2007. Doc. #8. By Defendant's calculation, under Fed. R. Civ. P. 4, the Answer is due June 26, 2007.

Cases in "Active Litigation" in the Court of Federal Claims

7. Under this Court's order dated April 13, 2007, Doc. #13, Defendant is required to report on the status of the following cases, which are in an "active litigation" posture in this Court:

a. In Ak-Chin Indian Community v. United States, No. 06-cv-00932-ECH, after a court-approved enlargement of time, Defendant filed its Answer on March 27, 2007. Doc. #5. The parties are obligated to file their JPSR on May 21, 2007.

b. In Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States, No. 92-cv-00675-ECH (Pembina Judgment Fund case), Plaintiffs are the beneficiaries, as well as the heirs, descendants, and successors-in-interest, of the 1964 and 1980 Pembina Judgment Fund awards. In summary, Plaintiffs are seeking an accounting of those awards. In the current phase of the litigation, Plaintiffs and Defendant are attempting to resolve Plaintiffs' requests to validate or challenges to the validity of certain remaining baseline (or non-investment) transactions of the 1964 and 1980 Awards, under the active monitoring and supervision of the Court. The parties have been

and continue to be negotiating a strategy for addressing Plaintiffs' validation requests or challenges. They are conducting a negotiating session in Washington, D.C., on May 7-8, 2007. The parties have requested that the Court consider referring the case to the ADR program or a settlement judge. The Court has not rendered a decision on the parties' request.

c. In Eastern Shoshone Tribe of the Wind River Reservation v. United States and Northern Arapaho Tribe of the Wind River Reservation v. United States, No. 79-cv-00458-ECH and No. 06-cv-00903-ECH (consolidated cases), the Tribes have alleged various "breach of trust" claims regarding Defendant's management of the Tribes' trust assets and trust funds. Thus far, the Tribes and Defendant have resolved or otherwise addressed several phases or portions of the Tribes' claims, including the ones relating to the Tribes' sand and gravel resource and their oil and gas royalty calculations. In the current phase of the litigation, which involves the Tribes' oil and gas pricing and pre-1973 oil and gas royalty claims, the parties are completing the joint construction of a common database for oil and gas royalty information and proceeding with discovery, expert reports, and other matters, in accordance with the Court's scheduling order dated December 15, 2006. Under this order, fact discovery and expert discovery are scheduled to conclude by November 27, 2007.

In December 2006, the Tribes filed a new lawsuit, No. 06-cv-00903-ECH, in which they alleged Defendant's mismanagement of oil and gas royalties after 2000. The Court consolidated this new case with the pre-existing litigation, No. 79-cv-00458-ECH. Defendant filed its Answer to the new Complaint on February 26, 2007, and the parties filed a JPSR on April 17, 2007. In the JPSR, the parties requested, inter alia, that further proceedings in the new case be deferred until after they had finished litigating the current phase of the pre-existing litigating, No.

79-cv-00458-ECH.

d. In Navajo Nation v. United States, No. 06-cv-00945-FMA, Defendant filed its Answer on April 30, 2007, after a court-approved enlargement of time. Doc. #11. On May 3, 2007, the parties filed a joint motion for entry of a confidentiality agreement and protective order. Doc. #12. The parties are awaiting the Court's ruling on their joint motion for stay of proceedings pending further discussions with ADR Judge Bruggink, which was filed on March 16, 2007, Doc. #10. The parties' JPSR is due June 21, 2007.

e. In Osage Nation of Oklahoma v. United States, No. 99-cv-00550-ECH and No. 00-cv-169-ECH (consolidated cases), the Court entered judgment for the Tribe for $1,876,878.30 in damages on March 16, 2007, following a trial on Tranche One claims, post-trial briefing, and rulings on liability and damages. Docs. ##221-270.

f. In Passamaquoddy Tribe of Maine v. United States, No. 06-cv-00942-LJB, after a court-approved enlargement of time, Defendant filed its Answer on March 27, 2007. Doc. #9. The parties are obligated to file their JPSR on May 21, 2007.

g. In Salt River Pima-Maricopa Indian Community v. United States, No. 06-cv-00943-LMB, after a court-approved enlargement of time, Defendant filed its Answer on March 27, 2007. Doc. #9. The parties are obligated to file their JPSR on May 11, 2007.

h. In Swinomish Indian Tribal Community v. United States, No. 06-cv-00899-FMA, the Court denied the parties' joint motion for temporary stay of litigation on February 22, 2007, Doc. #10, but granted, in part, Defendant's unopposed motion for enlargement of time to file its Answer or otherwise respond to the Complaint on February 26, 2007, Doc. #12. Defendant filed its Answer on April 30, 2007. Doc. #15. The parties' JPSR is due June 21, 2007. The parties are

engaging in the informal production of relevant or potentially relevant documents and data, so that they can better explore the possibility of settlement or ADR discussions.

i. In Tohono O'odham Nation v. United States, No. 06cv00944-EGB, after a court-approved enlargement of time, Defendant filed its Answer on March 27, 2007. Doc. #5. After a status conference on April 20, 2007, the Court ordered on April 23, 2007, that Defendant file a motion to dismiss under 28 U.S.C. § 1500, by May 18, 2007, and deferred the filing of the JPSR until further order. Doc. #15.

Next Joint Status Report

8. The parties will file their next joint status report on July 30, 2007.

Respectfully submitted this 4th day of May, 2007,

MATTHEW J. McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde for*
*s/ Sandra Benischek Harrison*
*by written authorization on May 4, 2007*
SANDRA BENISCHEK HARRISON
Andrews Davis, P.C.
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK
Tel: (405) 272-9241
Fax: (405) 235-8786

Attorney of Record for Plaintiff

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

THOMAS KEARNS
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL M. HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227