IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SEMINOLE NATION OF OKLAHOMA, )
)
Plaintiff, )
)
v. ) Case No. 06-cv-00935L
) Judge George W. Miller
THE UNITED STATES OF AMERICA, )
)
Defendant. )
)

**PARTIES' SECOND JOINT STATUS REPORT**

Pursuant to this Court's order dated April 13, 2007, Docket No. (Doc. #) 13, Plaintiff and Defendant (the parties herein) submit the following second joint report about the status of certain Tribal trust accounting and trust mismanagement cases that have been filed in this Court and in various United States District Courts.

1. There are presently 102 Tribal trust accounting and trust mismanagement cases in this Court and in the United States District Court for the District of Columbia and in Oklahoma. See Exhibit (Exh.) 1. Of those 102 cases, 56 cases are in this Court,[1] 37 are in the United States District Court in the District of Columbia, and nine are in various United States District Courts in Oklahoma. Id. About 32 Tribes have filed cases in this Court and in the United States District Court. Id. Plaintiff is one of those Tribes with cases in both courts. Id.

Cases Brought by Plaintiff's Counsel and Her Law Firm

2. Under the Court's order, the parties are required to report on the status of the

---

1/ In Miami Tribe of Oklahoma v. United States, No. 06cv00939-ECH (Fed. Cl.), the Court granted the Tribe's unopposed motion for voluntary dismissal (Doc. #23) on May 22, 2007, and dismissed the case without prejudice. Doc. #25. This dismissal reduced the number of cases in this Court from 57 (as reported in the parties' last joint status report) to 56, and the total number of Tribal trust accounting and trust mismanagement cases from 103 to 102.

following five cases[2] brought by Plaintiff's counsel and her law firm that are still pending in this Court: Kaw Nation of Oklahoma v. United States, No. 06-cv-00934-FMA; Otoe-Missouria Tribe of Indians v. United States, No. 06-cv-00937-LAS; Pawnee Nation of Oklahoma v. United States, No. 07-cv-00002-SGB; Seminole Nation of Oklahoma v. United States, No. 06-cv-00935-GWM; and Tonkawa Tribe of Indians v. United States, No. 06-cv-00938-BAF.

3. Additionally, the parties are required to report on the status of the following five companion cases brought by Plaintiff's counsel and her law firm in various United States District Courts in Oklahoma: Kaw Nation v. Kempthorne, No. 06-cv-01437-W (W.D. Okla.); Miami Tribe of Oklahoma v. Kempthorne, No. 06-cv-00698-GKF-SAJ (N.D. Okla.); Otoe-Missouria Tribe of Indians v. Kempthorne, No. 06-cv-01436-C (W.D. Okla.); Seminole Nation of Oklahoma v. Kempthorne, No. 06-cv-00556-SPS (E.D. Okla.); and Tonkawa Tribe of Indians v. Kempthorne, No. 06-cv-01435-F (W.D. Okla.).

4. Counsel for the parties in the foregoing cases continue to engage in informal discovery and production of documents, including but not limited to the identification, location, imaging or copying, and, if appropriate, coding of documents. Defendant has provided to Plaintiff a copy of the analyses, results, and supporting materials relating to the project that was undertaken by the Interior Department for Plaintiff and other Tribes in the mid-1990s to reconcile the Tribal trust fund accounts for the 1972-1992 period. The parties are proposing to negotiate the terms and conditions of a joint stipulation or agreement and proposed order to protect the confidentiality of certain documents and data to be produced by Defendant to Plaintiff.

---

[2/] Given that this Court has dismissed Miami Tribe, No. 06cv00939-ECH, the parties do not include any further discussion of the case below.

5. On June 25, 2007, the parties conducted a meeting at the offices of Plaintiff's counsel in Oklahoma City, OK. Specifically, Plaintiff's counsel and representatives met with Defendant's counsel; employees of the Office of Historical Trust Accounting (OHTA) of the United States Department of the Interior; and OHTA's accounting consultants. At the meeting, Defendant's representatives and accounting consultants provided to Plaintiff's counsel and representatives a detailed presentation about the reconciliation project methodology, results, and documentation that relate to Plaintiff. Further, they answered questions about Plaintiff's trust funds, account balances, and investments, and they provided other trust funds-related information. At the end of the presentation, the parties conferred about the possibility of settlement or informal resolution of Plaintiff's issues and claims, without the need for protracted litigation, and different approaches for attaining such a result. After the meeting, as requested, Defendant's counsel provided Plaintiff's counsel with a copy of the PowerPoint slides and other materials used by OHTA's consultants during the presentation.

6. On June 25-28, 2007, Defendant's representatives and consultants conducted similar meetings and presentations to the representatives and counsel of the Kaw Nation, the Otoe-Missouria Tribe, and the Tonkawa Tribe, about the results of the reconciliation project for those Tribes. Also, Defendant's counsel provided to the Tribes' counsel the PowerPoint slides and other materials used in the presentations for those Tribes. An attorney from the Solicitor's Office of the Interior Department attended the meetings and presentations for the Tonkawa and Otoe-Missouria Tribes.

7. The parties in the Miami Tribe, No. 06-cv-00698-GKF-SAJ (N.D. Okla.), and in Pawnee Tribe, No. 07-cv-00002-SGB, scheduled similar meetings and presentations on June 25-28,

2007, but they had to cancel them, because of scheduling conflicts of various Tribal representatives. Defendant's representatives and consultants provided to the Tribes' counsel copies of the PowerPoint slides and other presentation materials relating to the Tribes. The parties have agreed that the Tribes and their counsel would seek to re-schedule the meetings with and presentations by Defendant's representatives and consultants, if necessary and appropriate.

8. The parties in this case, as well as in the other cases brought by other Tribes also represented by Plaintiff's counsel and her law firm, agree that the reconciliation project results and materials provide a substantial basis for the parties' informal settlement discussions. Plaintiff's counsel and her law firm see a possible need for additional document and data requests and production in this and the other cases brought by counsel and her firm, in order to advance the parties' settlement discussions. Plaintiff, the other Tribes, and their counsel are still reviewing the reconciliation project results and supporting materials relating to Plaintiff and the other Tribes, which have been produced to them thus far by Defendant. Given the ongoing nature of counsel's document and data review, the parties cannot determine at this time the need for or scope of any additional document and data requests or production.

9. As to litigation events in the five pending cases brought by Plaintiff's counsel and her law firm in this Court, there has been no activity, inasmuch as the parties in this case; Otoe-Missouria Tribe, No. 06-cv-00937-LAS; Pawnee Nation, No. 07-cv-00002-SGB; and Tonkawa Tribe, No. 06-cv-00938-BAF, have jointly requested and received from the Court temporary stays of litigation until February 27, 2008. In Kaw Nation, No. 06-cv-00934-FMA, based on an enlargement of time, the parties filed a joint preliminary status report (JPSR) pursuant to Appendix A of the RCFC on July 16, 2007. Doc. #13. In that JPSR, the parties stated, among other things,

that they intend to seek referral of the case to the Court's ADR program at the earliest opportunity, and that, in the event that they are unable to resolve the case through ADR or informal settlement discussions, the Court should stay and defer the litigation of the case, in the entirety, until after resolution or adjudication of the Tribe's companion trust accounting case, Kaw Nation, No. 06cv01437-W (W.D. Okla.). Id.

10. As to the cases brought by Plaintiff's counsel and her law firm in the various United States District Courts in Oklahoma, the following has occurred since the parties' last joint status report herein:

a. In Kaw Nation, No. 06-cv-01437-W (W.D. Okla.), the Tribe filed an Amended Complaint on May 25, 2007 (Doc. #10) and successfully served all of the named defendants with a copy of the document and the summons. On May 29, 2007, the parties filed a joint motion for temporary stay of litigation, to and including October 24, 2007. Doc #12. The Court granted the joint motion on May 30, 2007. Doc. #13.

b. In Miami Tribe, No. 06-cv-00698-GKF-SAJ (N.D. Okla.), the parties filed a joint motion for temporary stay of litigation, to and including October 24, 2007, on May 30, 2007. Doc. #15. The Court granted the joint motion on May 31, 2007. Doc #16.

c. In Otoe-Missouria Tribe, No. 06-cv-01436-C (W.D. Okla.), the Tribe filed an Amended Complaint of May 25, 2007 (Doc. #9) and successfully served all of the named defendants with a copy of the document and the summons. On May 30, 2007, the parties filed a joint motion for temporary stay of litigation, to and including October 24, 2007. Doc. #11. The Court granted the joint motion on May 30, 2007. Doc. #12.

d. In Seminole Nation, No. 06-cv-00556-SPS (E.D. Okla.), the Tribe filed an

Amended Complaint of May 25, 2007 (Doc. #16) and successfully served all of the named defendants with a copy of the document and the summons. On May 30, 2007, the parties filed a joint motion for temporary stay of litigation, to and including October 24, 2007. Doc. #18. On June 8, 2007, the parties consented by notice to proceed before the United States Magistrate Judge. Docs. ##23, 24. The Court granted the joint motion for temporary stay on June 11, 2007. Doc. #25.

e. In Tonkawa Tribe of Indians, No. 06-cv-01435-F (W.D. Okla.), the parties filed a joint motion for temporary stay of litigation, to and including October 24, 2007, on May 24, 2007. Doc. #15. The Court granted the joint motion on May 25, 2007. Doc. #16. Also on May 25, 2007, the Tribe filed an Amended Complaint (Doc. #18) and successfully served all of the named defendants with a copy of the document and the summons. Given the temporary stay of litigation, the deadline for the defendants to file their Answer or otherwise respond to the Amended Complaint has been stayed until after October 24, 2007.

Cases in "Active Litigation" in the Court of Federal Claims

11. Under this Court's order dated April 13, 2007, Doc. #13, Defendant is required to report any developments in those Tribal trust accounting and trust mismanagement cases in the CFC that are in an "active litigation" posture. The following has occurred in those CFC cases in "active litigation" since the last joint status report:

a. In Ak-Chin Indian Community v. United States, No. 06-cv-00932-ECH, after a court-approved enlargement of time, Defendant filed its Answer on March 27, 2007. Doc. #5. The parties filed their JPSR on May 15, 2007. Doc. #7. A status conference took place May 30, 2007. On July 19, 2007, after submissions by the parties and a hearing on certain unresolved issues, the Court entered a protective order governing Defendant's production of documents to Plaintiff. Doc.

#19. Defendant's collection, review, and informal production of the particular types of documents that have been requested by Plaintiff is under way. Defendant has propounded, and Plaintiff has responded to, limited discovery relating to Defendant's intended motion to dismiss pursuant to 28 U.S.C. § 1500. Defendant has filed a consent motion to enlarge the deadline for filing its motion to dismiss, from July 30, 2007, to August 6, 2007. Doc. #21. The parties await the Court's ruling on the consent enlargement motion.

b. In Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States, No. 92-cv-00675-ECH (Pembina Judgment Fund case), Plaintiffs are the beneficiaries, as well as the heirs, descendants, and successors-in-interest, of the 1964 and 1980 Pembina Judgment Fund awards. In summary, Plaintiffs are seeking an accounting of those awards. In the current phase of the litigation, Plaintiffs and Defendant are attempting to resolve Plaintiffs' requests to validate or challenges to the validity of certain remaining baseline (or non-investment) transactions of the 1964 and 1980 Awards, under the active monitoring and supervision of the Court. The parties have been and continue to be negotiating a strategy for addressing Plaintiffs' validation requests or challenges. The parties have exchanged for settlement purposes expert reports analyzing estimated investment returns. On July 19, the parties met and conferred in Washington, D.C., about the expert investment analysis and their continuing work in validating additional baseline transactions. The parties continue to await the Court's decision on their joint request that the Court consider referring the case to the ADR program or a settlement judge. The next joint status report is due July 31, 2007. The parties have a joint status conference with the Court on August 1, 2007.

c. In Eastern Shoshone Tribe of the Wind River Reservation v. United States and Northern Arapaho Tribe of the Wind River Reservation v. United States, No. 79-cv-00458-ECH

and No. 06-cv-00903-ECH (consolidated cases), the Tribes have alleged various "breach of trust" claims regarding Defendant's management of the Tribes' trust assets and trust funds. Thus far, the Tribes and Defendant have resolved or otherwise addressed several phases or portions of the Tribes' claims, including the ones relating to the Tribes' sand and gravel resource and certain of their oil and gas royalty calculations. In the current phase of the litigation, which involves the Tribes' oil and gas pricing and pre-1973 oil and gas royalty claims, the parties have completed the joint construction of a common database for oil and gas royalty information and proceeding with discovery, expert reports, and other matters, in accordance with the Court's scheduling order dated December 15, 2006. Plaintiffs submitted their expert reports on April 27, 2007, and Defendant submitted its responsive expert report on July 26, 2007. Under the Court's scheduling order, fact discovery and expert discovery are scheduled to conclude by November 27, 2007.

In December 2006, the Tribes filed a new lawsuit, No. 06-cv-00903-ECH, in which they alleged Defendant's mismanagement of oil and gas royalties after 2000. The Court consolidated this new case with the pre-existing litigation, No. 79-cv-00458-ECH. Defendant filed its Answer to the new Complaint on February 26, 2007 (Doc. #14), and the parties filed a JPSR on April 17, 2007 (Doc. #15). In the JPSR, the parties requested, inter alia, that further proceedings in the new case be deferred until after they had finished litigating the current phase of the pre-existing litigation, No. 79-cv-00458-ECH. Doc. # 15. On May 4, the Court issued an Order regarding the parties' discovery process relating to the current oil and gas phase of the pre-existing litigation, No. 79-cv-00458-ECH, and, in part, offered to confer with the parties about that discovery process before the next scheduled joint status conference, if necessary. Doc. # 16.

d. In Navajo Nation v. United States, No. 06-cv-00945-FMA, the parties

continue to await the Court's ruling on their joint motion for stay of proceedings pending further discussions with ADR Judge Bruggink, which was filed on March 16, 2007, Doc. #10. While the motion has been pending, Defendant filed its Answer on April 30, 2007, after a court-approved enlargement of time. Doc. #11. On May 3, 2007, the parties filed a joint motion for entry of a confidentiality agreement and protective order. Doc. #12. Thereafter, the Court stayed the obligation for the parties to file the JPSR. On July 20, 2007, after briefing by the parties, the Court conducted a hearing on Plaintiff's motion for entry of a record retention order. Following the hearing on July 20, the Court instructed the parties by order to confer and determine whether they can reach agreement on the provisions of a RRO. Doc. #25. Given the order, Defendant is currently reviewing Plaintiff's proposed record retention order and will provide a revision to that order to Plaintiff by August 1. The parties are submitting a proposed order, with redlined or highlighted differences, to the Court on August 3, 2007.

e. In Osage Nation of Oklahoma v. United States, No. 99-cv-00550-ECH and No. 00-cv-169-ECH (consolidated cases), the Court entered judgment for the Tribe for $1,876,878.30 in damages on March 16, 2007, following a trial on Tranche One claims, post-trial briefing, and rulings on liability and damages. Docs. ##221-270. The Government filed a notice of appeal on May 15, 2007.

f. In Passamaquoddy Tribe of Maine v. United States, No. 06-cv-00942-LJB, after a court-approved enlargement of time, Defendant filed its Answer on March 27, 2007. Doc. #9. The parties filed their JPSR on May 15, 2007. Doc. #10. After a status conference on July 19, 2007, the Court directed that Defendant propound discovery relating to Defendant's intended motion to dismiss pursuant to 28 U.S.C. § 1500, by July 30, 2007; that Plaintiff respond to that discovery

by August 14, 2007; and that Defendant file its motion to dismiss by September 7, 2007. The parties are proceeding as directed by the Court.

g. In Salt River Pima-Maricopa Indian Community v. United States, No. 06-cv-00943-LMB, after a court-approved enlargement of time, Defendant filed its Answer on March 27, 2007. Doc. #9. The parties filed their JPSR on May 11, 2007. Doc. # 10. The Court conducted a joint status conference with the Court on June 25, 2007, wherein it laid out a briefing scheduling on Defendant's proposed motion to dismiss pursuant to 28 U.S.C. § 1500. Doc. #16. On June 26, 2007, Defendant filed what it had submitted in Winnebago Tribe of Nebraska v. United States, No. 06cv00913-MMS (Fed. Cl.), about the need for a record retention order and the § 1500 issue. Doc. #17. Defendant intends to file its motion to dismiss on the § 1500 issue by August 27, 2007. Doc. # 16.

h. In Swinomish Indian Tribal Community v. United States, No. 06-cv-00899-FMA, the Court denied the parties' joint motion for temporary stay of litigation on February 22, 2007, Doc. #10, but granted, in part, Defendant's subsequent unopposed motion for enlargement of time to file its Answer or otherwise respond to the Complaint on February 26, 2007, Doc. #12. Defendant filed its Answer on April 30, 2007. Doc. #15. The parties filed their JPSR on June 20, 2007. Doc. # 16. In addition, the parties negotiated and filed on June 27, 2007, a joint stipulation and proposed order regarding the confidentiality of certain documents and data to be provided by Defendant to Plaintiff. Doc. #18. Also, the parties filed a joint motion to stay the litigation of the case and to appoint Judge Bruggink as ADR judge. Doc. #22. At and after a status conference on July 6, 2007, the Court instructed that the parties negotiate and submit a revised proposed confidentiality agreement and proposed order that would address additional items deemed necessary

by the Court. Doc. #23. Also, the Court instructed the parties to negotiate a proposed record retention order and to submit a report on the status of their negotiations on July 25, 2007. Id. The parties filed a joint status report, with a revised proposed confidentiality agreement and proposed order, on July 17, 2007, and a joint status report on their progress in negotiating a proposed record retention order on July 25, 2007. Docs. ##24, 25. They are planning to submit a proposed record retention order to the Court on August 8, 2007. Doc. # 25.

i. In Tohono O'odham Nation v. United States, No. 06cv00944-EGB, after a court-approved enlargement of time, Defendant filed its Answer on March 27, 2007. Doc. #5. After a status conference on April 20, 2007, the Court ordered on April 23, 2007, that Defendant file a motion to dismiss under 28 U.S.C. § 1500, by May 18, 2007, and deferred the filing of the JPSR until further order. Doc. #15. Defendant filed its dismissal motion on May 18, 2007, as directed. Doc. #16. The Tribe filed its response to the motion on July 11, 2007. Doc. #20. Defendant's reply to the Tribe's response is presently due August 15, 2007. Minute docket entry. The Court has scheduled oral argument on the motion for October 3, 2007. Doc. #22.

Next Joint Status Report

12. The parties will file their next joint status report on October 29, 2007.

Respectfully submitted this 30th day of July, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Sandra Benischek Harrison*
SANDRA BENISCHEK HARRISON
Andrews Davis, P.C.
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK
Tel: (405) 272-9241
Fax: (405) 235-8786

Attorney of Record for Plaintiff

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
TERRY PETRIE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (303) 844-7327
Fax: (202) 353-2021

SHANI WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL M. HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227