**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SEMINOLE NATION OF OKLAHOMA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 06-935 L** |
| | ) | **Judge George W. Miller** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PARTIES' FOURTH JOINT STATUS REPORT**

Pursuant to this Court's order dated April 13, 2007, Docket No. (Doc. #) 14, Plaintiff and Defendant (the parties herein) submit the following fourth joint report about the status of certain Tribal trust accounting and trust mismanagement cases that have been filed in this Court and in various United States District Courts.

1. There are presently 101 Tribal trust accounting and trust mismanagement cases in this Court and in the United States District Court for the District of Columbia and in Oklahoma. Exhibit 1. Of those 101 cases, fifty-six (56) cases are in this Court, thirty-seven (37) are in the United States District Court in the District of Columbia, and nine (8) are in various United States District Courts in Oklahoma. Id. About thirty-two (32) Tribes filed cases in this Court and in the United States District Court. Id. Plaintiff is one of those Tribes with cases in both courts. Id.

Cases Brought by Plaintiff's Counsel and Law Firm

2. Under the Court's order, the parties are required to report on the status of the following five (5) cases brought by Plaintiff's counsel and law firm in this Court: Kaw Nation of Oklahoma v. United States, No. 06-cv-00934-FMA; Otoe-Missouria Tribe of

Indians v. United States, No. 06-cv-00937-LAS; Pawnee Nation of Oklahoma v. United States, No. 07-cv-00002-SGB; Seminole Nation of Oklahoma v. United States, No. 06-cv-00935-GWM; and Tonkawa Tribe of Indians v. United States, No. 06-cv-00938-BAF.

3. Additionally, the parties are required to report on the status of the following five companion cases brought by Plaintiff's counsel and her law firm in various United States District Courts in Oklahoma: Kaw Nation v. Kempthorne, No. 06-cv-01437-W (W.D. Okla.); Miami Tribe of Oklahoma v. Kempthorne, No. 06-cv-00698-GKF-SAJ (N.D. Okla.); Otoe-Missouria Tribe of Indians v. Kempthorne, No. 06-cv-01436-C (W.D. Okla.); Seminole Nation of Oklahoma v. Kempthorne, No. 06-cv-00556-SPS (E.D. Okla.); and Tonkawa Tribe of Indians v. Kempthorne, No. 06-cv-01435-F (W.D. Okla.).

4. To date, Defendant has provided to Plaintiff a copy of the analyses, results, and supporting materials relating to the Tribal trust fund account reconciliation project that was undertaken by the Interior Department for Plaintiff and other Tribes in the mid-1990s. The Parties anticipate undertaking further discovery.

5. As to the cases brought by Plaintiff's counsel and law firm in this Court, the following has taken place since the last update:

a. In Kaw Nation, No. 06-cv-00934-FMA, the Defendant filed an Opposed Motion and Supporting Memorandum to Modify Document Preservation Order on December 17, 2007. Doc. #23. The Plaintiff filed a Motion to Change Record Review Site to Pawnee Agency Office (BIA) on December 21, 2007. Doc. #24. Defendant filed the Notice of Filing Status Report Describing Record Retention Order Compliance Monitoring Mechanisms on December 26, 2007. Doc. #25. Defendant filed a Motion for Enlargement

of Time to respond to Plaintiff's Motion to Change Record Review Site to Pawnee Agency Office on December 31, 2007. Doc. #26. The Court granted the Enlargement of Time on January 2, 2008 in a minute order. Defendant's Response was filed January 18, 2008. Plaintiff filed its Response to Defendant's Motion to Modify Document Preservation Order on January 2, 2008. Doc. #27. Defendant filed a Motion for Enlargement of Time to Reply to Plaintiff's Response to Defendant's Motion to Modify Document Preservation Order on January 3, 2008. Doc. #28. The Court granted the Enlargement of Time on January 11, 2008 in a minute order. Defendant's Reply was January 18, 2008.

b. In Otoe-Missouria Tribe, No. 06-cv-00937-LAS, there has been no additional substantive developments in the active litigation of this matter as of the last update filed with this Court on October 26, 2007 due to the stay issued in this matter. The stay of litigation remains in effect until February 27, 2008. The Parties anticipate undertaking further discovery.

c. In Pawnee Nation, No. 07-cv-00002-SGB, Counsel for Plaintiff filed a Motion to Withdraw as the Nation has retained in-house counsel. Doc. #15. Defendant filed the Notice of Filing Status Report Describing Record Retention Order Compliance Monitoring Mechanisms on December 21, 2007. Doc. #16. The Court denied Plaintiff's Counsel's Motion to Withdraw for failure to demonstrate notice to the client on January 2, 2008. Doc. #17.

d. In this instant case, Seminole Nation, No. 06-cv-00935-GWM, there has been no additional development in the active litigation of this matter as of the last update filed with this Court on October 26, 2007, due to the stay issued in this matter. The stay of

litigation remains in effect until February 27, 2008. The Parties anticipate undertaking further discovery.

e. In Tonkawa Tribe, No. 06-cv-00938-BAF, there has been no additional development in the active litigation of this matter as of the last update filed with this Court on October 26, 2007, due to the stay issued in this matter. The stay of litigation remains in effect until February 27, 2008. The Parties anticipate undertaking further discovery.

6. As to the cases brought by Plaintiff's counsel and her law firm in the various United States District Courts in Oklahoma, the following has taken place since the last update:

a. In Kaw Nation, No. 06-cv-01437-W (W.D. Okla.), Jacquelyn V. Duffy entered an appearance on behalf of the Plaintiff on November 9, 2007. Doc. # 22. Plaintiff and Defendant filed separate Memorandums in Response to the Court's Order Dated October 25, 2007 regarding the course of action to be taken, ADR and the time required to complete discovery and ADR on November 9, 2007. Doc. ## 23, 24. The Court entered an Order on November 27, 2007 requiring the parties to submit proposed orders with the information indicated by the Court. Doc. # 25. The parties submitted a Joint Proposed Order in Response to Court Order Dated November 27, 2007. Doc. # 26. The Court entered an Order on December 11, 2007 staying the case until further notice by the Court and directing the parties to move forward in good faith by continuing discovery and beginning third party mediation. Doc. # 27.

b. In Miami Tribe, No. 06-cv-00698-GKF-SAJ (N.D. Okla.), Defendant filed a Response to Plaintiff's Motion to Transfer from District Court to the Court of Federal

Claims on November 13, 2007. The Court granted Plaintiff's Motion to Transfer on December 14, 2007. Doc. # 25. The Court then entered a minute order transferring the case to the Court of Federal Claims on December 17, 2007. Doc. # 26.

c. In Otoe-Missouria Tribe, No. 06-cv-01436-C (W.D. Okla.), Jacquelyn V. Duffy entered an appearance on behalf of the Plaintiff on November 9, 2007. Doc. # 20. The Parties anticipate undertaking further discovery.

d. In Seminole Nation, No. 06-cv-00556-SPS (E.D. Okla.), the case was stayed until January 23, 2008. On January 23, 2008, the Parties filed a Joint Motion to Stay the case for an additional forty-five (45) days to allow the parties additional time to decide on the proper course of action for this case. On January 24, 2008, the Court granted the stay for 45 days.

e. In Tonkawa Tribe of Indians v. Kempthorne, No. 06-cv-01435-F (W.D. Okla.), Jacquelyn V. Duffy entered an appearance on behalf of the Plaintiff on November 9, 2007. Doc. #23. The Parties anticipate undertaking further discovery.

Cases in "Active Litigation" in the Court of Federal Claims

7. Under this Court's order dated April 13, 2007, Doc. #14, Defendant is required to report any developments in those Tribal trust accounting and trust mismanagement cases in the CFC that are in "active litigation"[1] since the last joint status report:

---

[1] A number of the cases reported upon below had developments occur in the last 90 days which took them out of the "active litigation" category as defined in the parties' joint motion in ¶ 5filed March 30, 2007, to amend the Court's order filed February 27, 2007. Doc. #12. They had been included in the last status report because they were in "active litigation" at the onset of the reporting period.

a. In Ak-Chin Indian Community v. United States, No.06-cv-00932-ECH, the parties have submitted several rounds of briefing following the October 24, 2007, oral argument on Defendant's motion to dismiss Plaintiff's case pursuant to 28 U.S.C. section 1500. See Doc. ##37, 42, 43, 46, 49-52.

b. In Belgarde v. United States, No. 07-cv-00265-CFL, after briefing was complete on Defendant's two motions to dismiss pursuant to Rules 12(b)(1) and (b)(6) (see Doc. ##5, 13, 17-20, 24), the Court issued an order on January 8, 2008, finding the motions moot and granting Plaintiff's motion for leave to file a second amended complaint. Doc. #28.

c. In Chippewa Cree Tribe of the Rocky Boy's Reservation; Little Shell Tribe of Chippewa Indians; Turtle Mountain Band of Chippewa Indians; White Earth Band of Chippewa Indians v. United States (Pembina Judgment Fund), No. 92-cv-00675-ECH, Plaintiffs are the beneficiaries, as well as the heirs, descendants, and successors-in-interest, of the 1964 and 1980 Pembina Judgment Fund awards. In summary, Plaintiffs are seeking an accounting of those awards. In the current phase of the litigation, Plaintiffs and Defendant are attempting to resolve Plaintiffs' requests to validate or challenges to the validity of certain remaining baseline (or non-investment) transactions of the 1964 and 1980 Awards, under the active monitoring and supervision of the Court. The parties have been and continue to be negotiating a strategy for addressing Plaintiffs' validation requests or challenges. The parties have exchanged for settlement purposes expert reports analyzing estimated investment returns. The parties have undertaken ADR to address a number of the claims associated with the 1964 and 1980 Phase I (March 1980 - May 1988)Awards.

They met with Settlement Judge Eric Bruggink on November 8, 2007, and scheduled another session for November 30, 2007. See Doc. # 309.

On November 14, 2007, the parties filed a joint status report that informed the Court about document inspection at the American Indian Records Repository and the parties' perspectives about various baseline transactions. Doc. #311. After holding a status conference on November 16, 2007 (Doc. #315), the Court issued an order on November 19, 2007, that expanded the scope for ADR to include issues associated with the 1980 Award Phase II (May 27, 1988 - September 30, 1992). Doc. #313. Issues associated with Phases III and IV of the 1980 Award would remain in discovery before the Court. Id. On November 28, 2007, the Court amended the November 19, 2007 Order, directing the parties to exchange document requests pursuant to Rule 34 on or before December 7, 2007, for the 1980 Award Phase III (October 1, 1992 - December 31, 1995) issues , with responses due back no later than March 7, 2008. Doc. #314.

On January 4, 2008, pursuant to the Court's order on November 9, 2007 (Doc. #310), the parties filed a joint motion that advised the Court about the status of the ADR efforts and requested that those proceedings continue. Doc. #317. On January 18, 2008, the Settlement Judge issued on order scheduling an ADR conference for February 12, 2008. Doc. #318. Also on January 18, 2008, the Court issued an order directing a status report on or before March 17, 2008. Doc. #319.

d. In Colorado River Indian Tribes v. United States, No. 06-cv-00901-LAS, the Court entered an order on January 2, 2008, approving Defendant's motion to extend the time in which to answer Plaintiff's complaint until March 3, 2008. Doc. ##15, 16.

e. In Eastern Shoshone Tribe of the Wind River Reservation v. United States and Northern Arapaho Tribe of the Wind River Reservation v. United States, No. 79-cv-00458-ECH and No. 06-cv-00903-ECH (consolidated cases), the parties met twice in November 2007 in an attempt to narrow differences between the positions established by their experts and also to undertake settlement discussions. The parties have continued to negotiate in December 2007 and January 2008. The parties conducted a status conference call with the Court on December 20, 2007, and scheduled for another status conference on January 24, 2008. Doc. ## 37, 38.

f. In Gros Ventre Tribe and Assiniboine Tribe v. United States, No. 06-cv-00931-NBF, on March 28, 2007, the Court granted the parties' joint motion to stay the litigation until March 20, 2008, to explore the possibility of settlement and informal document productions. Doc. ##8, 10. The parties also filed a joint status report on September 20, 2007. Doc. #12.

g. In Hopi Tribe v. United States, No. 06-cv-00941-CFL, on July 11, 2007, the Court granted in part and denied in part the Defendant's unopposed motion for extension of time to respond to Plaintiff's complaint until June 12, 2008, allowing the parties to explore the possibility of settlement. Doc. ##8, 10. In granting the extension to allow for the parties to explore settlement, the Court also directed Defendant to file an answer to Plaintiff's complaint no later than September 10, 2007. Doc. #10. Subsequently, Defendant filed its answer to Plaintiff's complaint on September 9, 2007. Doc. #11. The Joint Preliminary Status Report is due on or before June 12, 2008. Doc. #10.

h. In Makah Indian Tribe of the Makah Indian Reservation v. United

States, No. 06-cv-00889-LJB, Defendant submitted a motion on November 6, 2007, seeking permission to file a motion out of time to respond to Plaintiff's discovery requests. Doc. #15. On November 7, 2007, the Court entered an order granting Defendant's motion, and also directed the parties to file (a) a proposed confidentiality and protective order on or before November 30, 2007, and (b) the Joint Preliminary Status Report on or before November 30, 2007. Doc. #16. The parties filed the Joint Preliminary Status Report on November 19, 2007. Doc. #17. On December 12, the Court entered a protective order following the parties filing a proposed stipulation on December 7, 2007. Doc. ##20, 21. On December 14, 2007, the Court entered a discovery scheduling order, directing the parties (a) to complete any initial disclosures required by Rule 26(a)(1) by January 2, 2008, (b) to submit a status report by February 14, 2008, and to complete initial formal discovery by June 16, 2008. Doc. #22.

i. In Navajo Nation v. United States, No. 06-cv-00945-FMA, the Court entered an order on November 30, 2007, granting Defendant's unopposed motion to amend the September 10, 2007, document preservation order to reflect a different site for inspection of documents. Doc. ##38, 39. On December 4, 2007, the parties filed notices with the Court that specified the processes by which each would comply with the document preservation order. Doc. ## 40, 41. The parties filed a joint status report on January 9, 2008, regarding the status of ADR proceedings. Doc. #43. See also Doc. ##35, 36. On January 18, 2008, the Settlement Judge entered an order scheduling an ADR status conference for February 22, 2008. Doc. #43. Also on January 18, 2008, the parties filed a joint motion for a protective order to govern the confidentiality of documents during the

course of ADR. Doc. #44.

j. In Osage Nation of Oklahoma v. United States, No. 99-cv-00550-ECH and No. 00-cv-169-ECH (consolidated cases), some of the headright owners moved to intervene on October 15, 2007. Doc. #275. This motion prompted a series of filings regarding a proposed briefing schedule (pursuant to the Court's order on October 29, 2007) and a motion by Plaintiff to disqualify counsel for the proposed intervenors. See Doc. ##279, 280, 282-284, 286-288. On January 4, 2008, the Court conducted an informal telephonic status conference to discuss Plaintiff's motion to disqualify and issued an order that allowed counsel for the proposed intervenors to file an additional memorandum to address issues. Doc. #289. Counsel for the proposed intervenors filed the additional memorandum on January 18, 2008. Doc. #291. Oral argument on the motion to disqualify is scheduled for February 5, 2008. Doc. #289.

k. In Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, California, v. United States, No. 06-cv-00897-MCW, on August 1, 2007, the Court extended the temporary stay of litigation and directed the parties to file a joint of the status report by November 26, 2007, informing the Court of the status of their settlement discussions and how they intend to proceed with the case. Doc. #12. On November 28, 2007, the Court entered an order granting the parties' joint motion for an extension of time until February 25, 2008, for Defendant to respond to Plaintiff's complaint. Doc. ##13, 14.

l. In Passamaquoddy Tribe v. United States, No. 06-cv-00942-LJB, in response to Defendant's motion to dismiss pursuant to 28 U.S.C. section 1500 (Doc. # 20) and the parties' briefing (Doc. ##23, 26), the Court entered an order on January 18, 2008,

that scheduled an evidentiary hearing for February 1, 2008. Doc. #28.

m. In Pueblo of Santa Ana v. United States, No. 06-cv-00892-LAS, the Court granted Plaintiff's motion for a stay of proceedings on August 2, 2007. Doc. # 11. On November 26, 2007, Plaintiff filed a notice of voluntary dismissal without prejudice. Doc. #14.

n. In Quechan Tribe of the Fort Yuma Indian Reservation v. United States,

No. 06-cv-00888-SGB, the parties filed a Joint Preliminary Status Report on November 16, 2007. Doc. #22. On December 21, 2007, Defendant filed a notice that describes the efforts it would make to comply with the terms of the document preservation order entered earlier by the Court. Doc. #24. See also Doc. #19.

o. In Round Valley Indian Tribes v. United States, No. 06-cv-00900-SGB, Defendant filed a notice on December 21, 2007, that describes the efforts it would make to comply with the terms of the document preservation order entered earlier by the Court. Doc. #32. See also Doc. #27.

p. In Salt River-Pima-Maricopa Tribes v. United States, No. 06-cv-00943-LMB, the Court conducted an evidentiary hearings on December 10 and 12, 2007, on Defendant's motion to dismiss pursuant to 28 U.S.C. section 1500. Doc. ##32, 33. Subsequent to the hearing, Plaintiff received permission to supplement the record (Doc. #32) and to file a supplemental brief which is due February 14, 2008. See Doc. ##37, 39, 42. Defendant's response to Plaintiff's supplemental brief is due February 28, 2008, with Plaintiff's reply to Defendant's response due March 6, 2008. Doc. #42.

q. In San Manuel Band of Serrano Missions Indians v. United States, No. 06-cv-00893-CCM, on July 30, 2007, the Court extended the temporary stay of litigation until November 27, 2007, and directed the parties to file a joint of the status report by November 20, 2007, informing the Court of the status of their settlement discussions and providing justification for continuation of the stay. Doc. #10. On November 21, 2007, the Court granted the parties' joint motion for an extension of time until December 4, 2007, for Defendant to respond to Plaintiff's complaint. Doc. #11. On December 4, 2007, the Court dismissed Plaintiff's case pursuant to Plaintiff's notice seeking voluntary dismissal of its case without prejudice. Doc. #12.

r. In Swinomish Indian Tribal Community v. United States, No. 06-cv-00899-FMA, on September 25, 2007, Defendant filed a status report on September 25, 2007, that described the mechanisms to be used to monitor compliance with a document preservation order entered earlier by the Court. Doc. #35. See also Doc. #31. On January 8, 2008, the Court scheduled a status conference for January 25, 2008. Doc. #37.

s. In Tohono O'odham Nation v. United States, No. 06-cv-00944-EGB, on December 19, 2007, the Court granted Defendant's pending motion to dismiss pursuant to 28 U.S.C. section 1500. Doc. #26. See also Doc. ## 16, 20, 23-25. Judgment was entered pursuant to Rule 58 on December 20, 2007, dismissing Plaintiff's complaint without prejudice for lack of jurisdiction.

t. In Wolfchild, et al. v. United States, No. 03-cv-02684-CFL, the docket sheet reflects thirty-one (31) entries since we last provided a status report to this Court. Some of the more major transactions include:

(1) Defendant filed a motion to certify an interlocutory appeal on July 16, 2007 of three orders of the Court. Doc. #510. The orders addresses whether certain Appropriations Acts created a trust, whether Congress subsequently terminated the trust via further legislation, ("1980 Act"), and whether certain tribes were authorized to act as agents of the United States by the 1980 Act. On September 26, 2007, The Court granted in part and denied in part Defendant's motion to certify. Doc. #626. On December 10, 2007, the United States Court of Appeals for the Federal Circuit granted Defendant's petition for permission to file an interlocutory appeal. Doc. #661. On December 19, 2007, the Court entered an order staying proceedings pending resolution of the certified questions by the Federal Circuit. Doc. #666.

(2) The Court entered an order on November 19, 2007, that addressed dates for: initial interrogatories and document requests; disclosure of expert witnesses; production of expert reports and rebuttal expert reports; conclusion of fact discovery; conclusion of expert discovery; and submission of motions for summary judgment. Doc. #653.

(3) An expert report was filed by one group of intervenors on November 1, 2007. Doc. ##638, 639.

(4) A notice of voluntary notice of dismissal without prejudice was filed by one individual of a group seeking to intervene in the litigation. Doc. ##658, 667.

(5) Other parties seeking to intervene filed an amended complaint on November 12, 2007. Doc. #651.

(6) Notices of service of initial disclosures were made by several

parties. Doc. ##640-642, 644, 646, 648-650, 656, 660.

(7) The Court issued on order on December 10, 2007, that dismissed Count II of the Fourth Amended Complaint by a group of intervenors. Doc. #659.

Next Joint Status Report

8. The parties will file their next joint status report on April 24, 2008.

Respectfully submitted this 25th day of January, 2008,

RONALD J. TENPAS
Assistant Attorney General

*s / Sandra Benischek Harrison*
SANDRA BENISCHEK HARRISON,
OBA #18647
Andrews Davis, P.C.
100 North Broadway Ave, Ste 3300
Oklahoma City, OK
Tel: (405) 272-9241
Fax: (405) 235-8786
sbharrison@andrewsdavis.com

Attorney of Record for Plaintiff

OF COUNSEL:

MICHAEL D. MCMAHAN, OBA #17317
Andrews Davis, P.C
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Tel: (405) 272-9241
Fax: (405) 235-8786
www.andrewsdavis.com

*s / Terry M. Petrie*
TERRY M. PETRIE
United States Department of Justice
Environment & Natural Resource Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (303) 844-1350
Terry.Petrie@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources
Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021
Anthony.Hoang@usdoj.gov

SHANI WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227