**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SEMINOLE NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 06-CV-00935-L |
| | ) | Judge Margaret M. Sweeney |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DOCUMENT PRESERVATION ORDER, CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Seminole Nation of Oklahoma ("Plaintiff") replies to the United States of America's ("Defendant") response to Plaintiff's Motion for Document Preservation Order, Confidentiality Agreement and Protective Order. Plaintiff respectfully requests the Court grant Plaintiff's Motion in order to preserve relevant documents. The Parties have reached an agreement for a Joint Stipulated Confidentiality Agreement and Protective Order which will be filed with the Court in a separate filing. In support of its Motion for Document Preservation Order, Plaintiff states as follows:

1. Plaintiff and Defendant attempted further negotiations of a stipulated document preservation order ("DPO") following the filing of Plaintiff's Motion and Defendant's Response. Unfortunately such negotiations were unsuccessful. Plaintiff offered a modified version of the submitted DPO attached as Exhibit 1 to Plaintiff's Motion. After consideration by Defendant, Defendant informed Plaintiff they were not willing to negotiate on the DPO as they do not believe a DPO is necessary.

2. Defendant argues the requested DPO is overly broad and places severe burdens on the agencies. Defendant notes the DPO prevents movement of documents to the American

Indian Record Repository ("AIRR"). This statement is wholly inaccurate. Plaintiff does not wish to interfere with any internal policies which go toward the protection and archiving of documents to the AIRR relevant to this case.

3. Defendant goes on to state that the search for relevant records would "involve high dollar costs, excessive time requirements and a great drain on its resources." Defendant includes voluminous affidavits from government officials to support its position. Defendant, however, fails to acknowledge as this case moves forward regardless of the cost and time, Defendant is required to submit any and all documents relevant to this case. Defendant accuses the Plaintiff of attempting to avoid discovery procedures when in fact, Defendant is attempting to avoid its responsibilities and obligations as the trustee for the Plaintiff's trust funds.

4. While Defendant represents a commitment to the preservation of tribal trust documents, past conduct does not support such a position. *Cobell v. Norton*. No. 96-1285; *Laguna*, 60 Fed Cl. at 138. This commitment does not eliminate the need for a document preservation order.

5. Plaintiff appreciates the relatively recent efforts by the Defendant to implement internal policies to facilitate the preservation of tribal trust records; however, Plaintiff believes the additional precaution of document preservation order is not an unreasonable or unequitable request when weighed against the irreparable harm which would result if any documents are mistakenly destroyed or lost.

6. Plaintiff can establish that a document preservation order is not only necessary but a necessity in this tribal trust fund litigation. As Defendant notes, this Court has jurisdiction to

issue a document preservation order under *Pueblo of Laguna v. U.S.*, 60 Fed. Cl. 133, 136,138 (Fed. Cl. 2004). Defendant's Response Brief, Doc. # 29, p. 8-9.

7. Under *Laguna*, Plaintiff must demonstrate that (1) a document preservation order is necessary; and (2) the document preservation order is not unduly burdensome. *Laguna*, 60 Fed. Cl. at 138. This Court has taken judicial notice of the findings in *Cobell v. Norton*, United States District Court for the District of Columbia No. 96-1285 by Judge Lamberth. As noted in *Laguna*, Judge Lamberth issued numerous opinions which demonstrated the mishandling of the Indian records, including, but not limited to, the destruction of documents, both paper and electronic and the state of the facilities in which records are stored. *Laguna*, 60 Fed. Cl. at 138.

8. This Court in *Laguna*, *Kaw Nation v. U.S.*, No. 06-934L and *Navaho Nation v. U.S.*, No. 06-945L has recognized the need for a document preservation order using *Laguna* as the basis for the issuance despite the opposition of the United States.

9. The Court in *Laguna* noted that many of the same government agencies involved in *Cobell* are also involved in the pending tribal trust fund litigations and noted "the failures evidenced in *Cobell* appear to be so pervasive and systematic as to provide ample support for the issuance of a document preservation order." *Laguna*, 60 Fed Cl. at 139. The Court further explained that the order would reemphasize the extraordinary precautions, *at least* equivalent to those adopted in *Cobell*, needed to prevent either purposeful or inadvertent destruction of records. *Id.* (emphasis added).

10. Defendant describes the policies and procedures developed and implemented to comply with Court's order in *Laguna*. Defendant explains for approximately ten (10) pages the directives, memorandums and reminders which have been issued to various Department of Interior and Treasury personnel. Defendant includes the National Archives and Records

Administration ("NARA") and the Environmental Protection Agency ("EPA") to demonstrate distributed guidance to prevent destruction of documents. Defendant also includes the opening of the AIRR in Lenexa, Kansas and the development of the Box Inventory Search System ("BISS").

11. While these precautions were aimed at addressing the concerns set forth by Judge Lamberth in *Cobell*, these precautions do not replace a document preservation order. These precautions are mechanisms which should have been utilized long before judicial notice of the need for improvement in the record retention policies of the Defendant. Furthermore, some of these precautions are currently under scrutiny. For example, Judge Braden in *Round Valley Indian Tribes v. U.S.*, No. 06-900 SGB has questioned the AIRR facility in Lenexa and exactly how effective the protocols are when discovery of a tribes documents are the ultimate goal. *See* Plaintiff's Motion to Schedule Hearing Date, Doc. #37. Underlying this inquiry is the fact that the government has only been able to produce indices and inventories, not the actual documents. *Id.*

12. Despite Defendant categorization of the Plaintiff's proposed order as a "discovery order," Plaintiff does intend for the document preservation order to replace traditional discovery procedures as required under the Rules of the Court of Federal Claims ("RCFC") or the Federal Rules of Civil Procedure ("FRCP"). Plaintiff's mechanisms included in the document preservation order are only intended to ensure no previous destruction of documents has occurred. By requesting that the Defendant provide indices and inventories for the documents, Defendant provides a reassurance that the documents are present in the facilities for which indices and/or inventories are provided. This requirement should not be a burden on

the Defendant, as Defendant is required by the internal procedures established after *Cobell* to maintain indices and/or inventories of all the trust fund documents.

13. Defendant has assumed the obligations of a trustee by virtue of holding tribal land in trust. *United States v. Mitchell*, 463 U.S. 206, 255 (1983); *Cobell v. Norton*, 240 F.3d 1081(D.C. Cir. 2001). As trustee, Defendant has a fiduciary relationship and obligations of the highest responsibility and trust to administer the trust with the greatest skill and care possessed by the trustee. One of these obligations and responsibilities is to protect and preserve the documentation relating to any and all trust funds held by the Defendant for the benefit of the Plaintiff. As a fiduciary, Defendant must be held to the highest standard of care; therefore, a document preservation order should be required to provide an additional safeguard for the documents relevant in this litigation.

**Conclusion**

14. Plaintiff respectfully requests this Court enter the attached document preservation order which reflects the attempts at negotiations and the discussions of compromise as shown in the attached Document Preservation Order. Exhibit 1.

Respectfully submitted this 6th day of June, 2008.

*s/ Sandra Benischek Harrison*
SANDRA BENISCHEK HARRISON,
OBA #18647
Andrews Davis, P.C.
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK
Tel: (405) 272-9241
Fax: (405) 235-8786
Sbharrison@andrewdavis.com
ATTORNEY OF RECORD FOR PLAINTIFF

OF COUNSEL:

MICHAEL D. MCMAHAN, OBA #17317
JENNIFER HENSHAW MCBEE, OBA #19170
JACQUELYN V DUFFY, OBA #21630
Andrews Davis, P.C.
100 North Broadway, Suite 3300
Oklahoma City, OK 73102
Tel: (405) 272-9241
Fax: (405) 235-8786
mdmcmahan@andrewsdavis.com
jhmcbee@andrewsdavis.com
jvduffy@andrewsdavis.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DOCUMENT PRESERVATION ORDER, CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** was served on June 6, 2008, by Electronic Case Filing, on the following counsel:

TERRY M. PETRIE
Attorney of Record
Environment & Natural Resources Division
United States Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (303) 844-1350
Terry.Petrie@usdoj.gov
ATTORNEY OF RECORD FOR DEFENDANT

OF COUNSEL:

ANTHONY P. HOANG
JARED PETTINATO
United States Department of Justice
Environment & Natural Resources Division
PO Box 663
Washington, DC 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021
Anthony.Hoang@usdoj.gov
Jared.Pettinato@usdoj.gov

*s/ Sandra Benischek Harrison*

*209244.2*