**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SEMINOLE NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 06-CV-935-L |
| | ) | Judge George W. Miller |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCUMENT PRESERVATION ORDER**

This matter comes before the court after Plaintiff, Seminole Nation of Oklahoma, filed a Motion for Document Preservation Order, Confidentiality Agreement and Protective Order. The court finds that good cause exists for approval and entry of a Document Preservation Order pursuant to RCFC 26(c) as well as the court's inherent power to regulate its proceedings and maintain the integrity of its functions. *See Pueblo of Laguna v. United States,* 60 Fed. CL 133, 135-37 (2004). As such, the court hereby **ORDERS** as follows:

1. **General Obligation to Preserve.**

a. During the pendency of this litigation or until further order of the court, defendant and its departments, agencies, employees, agents, and contractors must take reasonable steps to preserve every document, datum, or tangible thing in its possession, custody, or control containing information that is relevant to, or is reasonably calculated to lead to the discovery of admissible evidence relevant to, the subject matter involved in the pending litigation (Relevant Records). Plaintiff is reminded that it has a similar duty to preserve evidence relevant to this case.

b. Defendants shall issue instructions to all of their departments, agencies, offices, divisions, employees, agents, and contractors that may handle Seminole Nation documents to ensure retention and retrievability of all such documents. Unless it is indisputable that a record is not a Seminole Nation document, Defendants must preserve it under this Order. If Defendants are uncertain whether any action concerning a Seminole Nation document would constitute a failure to preserve that record, Defendants shall confer with Plaintiff regarding the proposed action.

2. **Records.**

a. Defendant shall maintain Relevant Records that, as of the date of this order, are inactive as defined by the Department of Interior (Interior) Manual Part 303, Chapter 6, are presently located at Bureau of Indian Affairs Offices in Wewoka, Oklahoma; Talihina, Oklahoma; Tulsa, Oklahoma; Muskogee, Oklahoma; Albuquerque, New Mexico; Dallas, Texas; Lenexa, Kansas or such other locations as may be agreed upon by the parties, at which location such records shall be made available to plaintiff for purposes of inspection. At least (ten) 10 calendar days before

 **EXHIBIT 1**

movement of the records from their present locations to any other location as may be agreed upon by the parties or as may be necessary under certain policies and procedures of the defendant, defendant will provide plaintiff with an intermediate move plan or plans, which shall include: an implementation schedule; a description or inventory of the records being moved; the method of transportation; the chain of custody; and the signature of the official responsible for the move.

b. Within thirty five (35) days after entry of this order, defendant shall provide to plaintiff any and all existing indices and inventories that include the active and inactive records, said documents to be provided in the most usable form readily available. Defendant shall provide to plaintiff additional or supplemental indices or inventories of inactive Relevant Records within twenty one (21) days after the creation or discovery of such indices or inventories.

3. **Inspection of Records.**

a. Throughout the litigation process and within any discovery deadlines set forth by the court, plaintiff may designate boxes or records listed in the provided indices or inventories that plaintiff wishes to review for Relevant Records.

b. Within fourteen (14) days of the request by the plaintiff, defendant will make available the designated boxes or records for plaintiff's inspection at the location where the indices and inventories indicates the records are located.

4. **Movement of Records.** Defendant may move plaintiff's records to the American Indian Records Repository (AIRR) in Lenexa, Kansas, in accordance with defendant's procedures and protocols for the movement of Indian trust records contained in the Indian Affairs Records Management Manual only after providing ten (10) days written notice to the plaintiff of such move. Prior to such move(s), defendant shall provide the plaintiff with a listing of the documents which are to be moved to AIRR. The listing shall also include the current location of the documents being moved to AIRR.

5. **Box Inventory Search System.** Within such schedule as agreed to by the parties, defendant shall input into Interior's Box Inventory Search System (BISS) data identifying the boxes, files, and documents containing all Relevant Records located as of the date of this order at the AIRR; provide plaintiff access to the BISS database at the Oklahoma City, Oklahoma office of plaintiffs counsel and the AIRR; and make those records available for plaintiffs inspection at the AIRR. At the time of such inspection, defendant shall permit plaintiff to identify or document the condition of records identified by plaintiff for production, including, without limitation, through the use of audio recorders or digital cameras, provided that no such recordings made by plaintiff shall constitute production of records. Defendant also shall provide to plaintiff all manuals, training materials, and similar documents created by or for Interior which describe the BISS database and its manner of operation and access. Defendant shall provide to plaintiff additional or supplemental indices or inventories for the AIRR that include Relevant Records promptly after the creation of such indices or inventories.

6. **Inventories and Indices.**

a. Within one hundred twenty six (126) days after entry of this order, the parties shall identify all their respective repositories besides the AIRR and those facilities addressed in paragraph 2(a) above that are reasonably anticipated to be subject to discovery in this case and determine whether indices or inventories exist for each location. The parties also shall have ongoing duties to identify evidence relevant to this case in their respective possession, custody, or control.

b. Within the same time period or as the parties may agree, the parties shall provide to each other existing indices and inventories for such repositories in the most useful form readily available, except for indices and inventories previously provided pursuant to paragraph 2 above.

c. If a party is unable to provide the other with indices or inventories of its repositories containing evidence relevant to this case, then the parties shall meet and confer as soon as practicable about the appropriateness of using a collection by-collection approach, including on-site reviews, to address the sufficiency of existing indices or inventories and to discuss whether additional indexation of specific record collections is necessary and the scope, timing, and method of any additional indexation or elaboration of inventories at each location based on the particular facts relating to each repository and record characteristics. The parties shall provide additional or supplemental indices or inventories that include evidence relevant to this case within twenty one (21) days after the creation or discovery of such indices or inventories.

d. The parties shall cooperate in good faith to attempt to reach agreement on all issues regarding the indexation and inventorying of documents, data, and tangible things. These issues include, but are not necessarily limited to

(1) the extent of the indexation and inventorying obligation, identifying the types of material to be indexed and inventoried, the subject matter, time frame, the authors and addressees, and key words to be used in identifying such materials;

(2) the identification of persons responsible for carrying out the indexation or inventorying;

(3) whether indexation or inventorying will require suspending or modifying any routine processes or procedures. with special attention to document management programs and the recycling of computer data storage media;

(4) the timing of the indexation or inventorying process in relation to the movement of records, and inspection thereof, envisioned in paragraph 2, above;

(5) the methods to index or inventory any volatile but potentially discoverable material, such as voicemail, active data in databases, or electronic messages;

(6) the anticipated costs of indexation and inventorying and ways to reduce or share these costs; and

(7) policies and procedures to review and modify the indexation and inventorying obligation as this case proceeds, eliminating or adding particular categories of documents, data, and tangible things.

7. **Compliance.**

a. The parties shall establish policies, procedures, and controls for monitoring compliance with this order and, on or before sixty (60) days after entry of this order, file a status report with the court describing those policies, procedures, and controls.

b. Defendants and their counsel shall immediately notify the Court if, at any time, they become aware of a violation of this Order (e.g., the destruction or loss of documents). In addition, Defendants must provide to the Court a list of all those involved with the violation of this Order who handled the Seminole Nation documents.

8. **Definitions.** For purposes of this order:

a. "Documents, data, and tangible things" is to be interpreted broadly to include, without limitation, writings; records; files; contracts; leases; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic tape or digital recordings, or transcripts thereof; drafts; jottings; and notes. The term also includes information that serves to identity, locate, or link documents, data, and tangible things, including, without limitation, file inventories; indices; and metadata.

b. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under RCFC 26, 45, and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, mutation, negligent handling, or intentional mishandling of any documents, data, or tangible things, if such action would make that material incomplete or inaccessible.

9. **Further Instructions; Modification.**

a. If after counsel confer, unresolved issues remain concerning matters arising under this order or other material aspects of preservation, inspection and production, or indexation and inventorying, the parties shall file with the court a statement of the unresolved issues together with each party's proposal for their resolution

b. Either party also may apply to the court for further instructions regarding, *inter alia:* (1) defendant's obligation to preserve specific categories of documents, data, or tangible things; and, (2) any aspect of the inspection or indexation tasks not herein clearly defined.

c. Recognizing that the parties may perceive better ways of accomplishing the purposes of this order, the court notes that joint motions to modify any of the procedures listed herein will likely be received favorably.

10. **Sanctions.** Failure to comply with this order may lead to the imposition of sanctions. *See Pueblo of Laguna,* 60 Fed. Cl. at 135-37; *United Medical Supply Co" Inc, v. United States,* 77 Fed. Cl. 257 (2007).

11. **Dissemination.** This order shall be distributed by defendant and plaintiff to all relevant agencies, departments, offices, divisions, contractors, and individuals.