**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SEMINOLE NATION OF OKLAHOMA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 06-935 L** |
| | ) | **Judge Margaret Sweeney** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ANSWER TO AMENDED COMPLAINT**

Defendant United States hereby submits the following Answer to the Amended Complaint filed on March 28, 2008 (Docket No. ("Dkt.") 25).

Defendant specifically denies each and every allegation of the Amended Complaint that is not admitted, denied, qualified, or otherwise expressly addressed in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs and sections of the Amended Complaint.

Defendant admits the allegations in Footnotes 1 and 2 of the Amended Complaint.

1. The allegations of Paragraph 1 constitute Plaintiff's characterizations of this suit to which no response is required.

**PARTIES**

2. As to the allegations in Paragraph 2, Defendant admits that the Seminole Nation of Oklahoma (hereafter "Plaintiff") is a federally recognized Indian tribe organized pursuant to the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. § 461 *et seq*. The remaining allegations in Paragraph 2 are Plaintiff's characterizations of its case and conclusions of law to which no

response is required.

3. As to the allegations in the first sentence of Paragraph 3, Defendant admits that Plaintiff is beneficial owner of certain funds and land that Defendant holds in trust for Plaintiff. The remaining allegations in Paragraph 3 are Plaintiff's characterizations and conclusions of law to which no response is required.

a. As to the allegations in Paragraph 3(a), Defendant admits that Dirk Kempthorne is the Secretary of the Interior but denies that Mr. Kempthorne is a proper defendant herein. The remaining allegations in section (a) of Paragraph 3 are characterizations and conclusions of law to which no response is required.

b. As to the allegations in the first sentence of Paragraph 3(b), Defendant admits that Ross O. Swimmer is the Special Trustee for American Indians, appointed by the President of the United States with the advice and consent of the United States Senate, and denies that Mr. Swimmer is a proper defendant herein. The allegations in the second sentence of Paragraph 3(b) are Plaintiff's characterizations and conclusions of law to which no response is required. The referenced Act speaks for itself and is the best of evidence of its contents. The allegations in the third and fourth sentences of Paragraph 3(b) are Plaintiff's characterizations and conclusions of law to which no response is required.

c. As to the allegations in the first sentence of Paragraph 3(c), Defendant admits that Henry M. Paulson, Jr., is the Secretary of the Treasury and denies that Mr. Paulson is a proper defendant herein. The remaining allegations in Paragraph 3(c) are characterizations and conclusions of law to which no response is required.

d. As to the allegations in Paragraph 3(d), Defendant admits that the United States is the properly named defendant herein but denies any allegation that other parties associated with the United States are defendants. Any remaining allegations in Paragraph 3(d) are conclusions of law to which no response is required.

## JURISDICTION AND VENUE

4. The allegations contained in Paragraph 4 are Plaintiff's characterizations of their claims and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

5. The allegations contained in Paragraph 5 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and case law speak for themselves and are the best evidence of their contents.

6. As to the allegations in Paragraph 6, Defendant denies that "officers and employees of the United States acting in an official capacity" are proper defendants in this case. The remaining allegations contained in Paragraph 6 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

## FACTUAL BACKGROUND

7. As to the allegations contained in the first sentence of Paragraph 7, Defendant admits that the Seminole Nation of Oklahoma currently occupies land in Seminole County, Oklahoma and that it holds certain lands and other assets in trust by the United States for the Tribe's benefit. Defendant avers that the allegation that natural resources are "attributable to its former reservations

in Oklahoma and elsewhere" is vague and ambiguous such that Defendant is unable to formulate a response thereto. The allegation in the second sentence of Paragraph 7 is Plaintiff's characterization or conclusion of law to which no response is required.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 8. As to the allegations in the third sentence of Paragraph 8, Defendant admits that it entered into a treaty with Spain in 1819 and that Florida became a territory of the United States in 1821. The remaining allegations in the third sentence of Paragraph 8 are Plaintiff's characterizations to which no response is required.

9. Defendant admits the allegation in the first sentence of Paragraph 9. The allegations in the second sentence in Paragraph 9 are Plaintiff's characterizations and conclusions of law to which no response is required. The referenced treaty speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of Paragraph 9. Defendant admits the allegations in the fourth sentence of Paragraph 9.

10. As to the allegations in the first sentence of Paragraph 10, Defendant admits only that the United States passed the Dawes Act and set up the Dawes Commission. Defendant avers that the Dawes Act was passed in 1887, not 1897. As to the allegations in the second sentence of Paragraph 10, the cited Curtis Act speaks for itself and is the best evidence of its contents. Defendant admits the allegation in the third sentence of Paragraph 10. The allegations in the fourth through sixth sentences of Paragraph 10 are Plaintiff's characterizations and conclusions of law. Defendant avers that the referenced agreement speaks for itself and is the best evidence of its

contents.

11. Defendant denies the allegations contained in Paragraph 11.

12. As to the allegations in the first sentence of Paragraph 12, Defendant avers that the United States Congress passed the Act of 1908, 35 Stat. 460, which speaks for itself and is the best evidence of its contents. The remaining allegations in the first sentence of Paragraph 12 are Plaintiff's characterizations and conclusions of law to which no response is required. The allegations in the second sentence of Paragraph 12 is Plaintiff's characterizations and conclusions of law to which no response is required. Defendant avers that the phrase "tremendous and very profitable oil production development" is vague and ambiguous such that Defendant is unable to formulate a response thereto. As to the allegations in the third sentence of Paragraph 12, Defendant is without knowledge or information sufficient to form a belief to the truth thereto.

13. The allegations contained in Paragraph 13 are Plaintiff's characterizations and conclusions of law to which no response is required.

14. As to the allegation contained in the first sentence of Paragraph 14, Defendant admits that it manages trust accounts for Plaintiff. Defendant avers that the allegation in the second sentence of Paragraph 14 regarding "proceeds of lands once owned by the Tribe" is vague and ambiguous, so that Defendant is unable to formulate a response to that allegation, and Defendant admits that it manages one Proceeds of Labor account for Plaintiff. Defendant admits the allegations in the third sentence of Paragraph 14. As to the allegations in the fourth sentence of Paragraph 14, Defendant admits that it manages for Plaintiff multiple "judgment accounts" or trust accounts that contain the monetary awards to Plaintiff.

15. As to the allegations in Paragraph 15, Defendant admits that the Indian Claims Commission awarded Plaintiff the amount of $34,053.66 in 1958. As to the remaining allegations in Paragraph 15, the Indian Claims Commission decision which is referred to speaks for itself and is the best evidence of its contents.

16. As to the allegations in Paragraph 16, Defendant admits that the Indian Claims Commission awarded Plaintiff the amount of $12,347,500 in 1970. Defendant avers that an offset in the amount of $84,719.47 was also adjudged and a final award was entered in the amount of $12,262,780.63. The remaining allegations in Paragraph 16 are Plaintiff's characterizations and conclusions of law and the Indian Claims Commission decision which is referred to speaks for itself and is the best evidence of its contents.

17. The allegations in the first sentence of Paragraph 17 are vague and ambiguous such that Defendant is unable to formulate a response thereto. The allegations in the second sentence of Paragraph 17 are also vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant avers that Plaintiff is aware of all relevant trust fund accounts because control and management over Plaintiff's trust funds and trust property and books and records is shared or has been shared with the Plaintiff in accordance with applicable laws, statutes, regulations, or agreement of the parties. Defendant denies the allegations in the third sentence of Paragraph 17 and avers that the Department of the Interior ("Interior") has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements"; (b) a report in1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Seminole

Nation of Oklahoma" for Fiscal Years 1973-1992, which sets forth the results of Interior's project to reconcile tribal trust accounts including those of Plaintiff for the years noted; and (c) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by the Defendant. Further, the allegation in the third sentence of Paragraph 17 that "proper accountings have not been provided to the Tribe" is vague and ambiguous as to what constitutes a "proper accounting" such that Defendant is unable to formulate a response thereto.

18. The allegations in Paragraph 18 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

19. The allegations in Paragraph 19 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and referenced "other federal laws" speak for themselves and are the best evidence of their contents.

20. The allegations in the first through the fourth sentences of Paragraph 20 are vague and ambiguous such that Defendant is unable to formulate a response thereto. The referenced "treaties, settlements and other contractual agreements" speak for themselves and are the best evidence of their contents. Defendant denies the allegations in the fifth sentence of Paragraph 20.

21. The allegations in the first sentence of Paragraph 21 are Plaintiff's characterizations and conclusions of law to which no response is required. Defendant avers that the Secretary of the Interior is not a proper Defendant herein. As to the allegations in the second sentence of Paragraph 21, Defendant admits that leases, easements, and permits have been approved for the Plaintiff's benefit, and as requested by Plaintiff. The allegation that Defendant has approved on Plaintiff's

behalf "other grants of authority to use certain of the Tribe's trust lands and natural resources for specific purposes" is vague and ambiguous such that Defendant is unable to formulate a response thereto. As to the allegations in the third sentence of Paragraph 21, Defendant admits that it has in certain limited instances conveyed the title of certain of the Plaintiff's lands to third parties for Plaintiff's benefit, and as requested by Plaintiff. The allegations in the fourth sentence of Paragraph 21 regarding Defendant's assumption of "the legal responsibility for the collection of fair and equitable compensation" are vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant avers that it holds certain funds in trust on Plaintiff's behalf and that it carries out certain legal responsibilities for Plaintiff through the Secretary of the Interior. Defendant avers that Plaintiff has shared, and continues to share, in the control and management over Plaintiff's trust property, and that the extent of Plaintiff's and of Interior's control and management over Plaintiff's trust property is set forth in the provisions of, and the regulations implementing, statutes, such as the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, as well as the contract entered thereunder between Plaintiff and Interior (commonly known as "638 contracts" or "Section 638 contracts"). Such documents speak for themselves and are the best evidence of their contents.

22. The allegations in Paragraph 22 are vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant avers that it does not exercise exclusive control of all the books and records of account concerning Plaintiff's trust funds and trust property and that control and management over Plaintiff's trust funds and trust property and books and records are shared or have been shared with Plaintiff, in accordance with applicable laws, statutes, regulations,

or agreement of the parties.

23. The allegations in Paragraph 23 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited cases speak for themselves and are the best evidence of their contents.

24. The allegations in Paragraph 24 are Plaintiff's characterizations and conclusions of law to which no response is required.

25. The allegations in Paragraph 25 are Plaintiff's characterizations and conclusions of law to which no response is required.

26. The allegations in Paragraph 26 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited case law and statute speak for themselves and are the best evidence of their contents.

27. The allegations in the first sentence of Paragraph 27 are vague and ambiguous such that Defendant is unable to formulate a response thereto. As to the allegations in the second and third sentences of Paragraph 27, Defendant admits that Congress held certain hearings regarding the Interior Department's management of Indian trust funds and issued certain reports. The Congressional reports speak for themselves and are the best evidence of their contents.

28. As to the allegations in Paragraph 28, the cited report speaks for itself and is the best evidence of its contents.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant admits the allegations in the first sentence of Paragraph 30. The allegations in the second sentence of Paragraph 30 are Plaintiff's characterizations and conclusions of law to

which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

31. The allegations in Paragraph 31 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

32. The allegations in Paragraph 32 are Plaintiff's characterizations and conclusions of law to which no response is required.

33. The allegations in Paragraph 33 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited Restatement speaks for itself and is the best evidence of its contents.

34. Defendant denies the allegations in Paragraph 34. Defendant also avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

35. As to the allegations in Paragraph 35, Defendant admits that the Department of the Interior often employs a "buy/hold" strategy to achieve the primary investment objectives of providing income and preserving principal and that investments are continuously reviewed to determine whether they continue to meet the investment needs and objectives of the beneficiaries, and Defendant denies the remaining allegations. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

36. Defendant denies the allegations in Paragraph 36. Defendant avers that Plaintiff has

shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

37. Defendant denies the allegations in Paragraph 37. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

38. The allegations in Paragraph 38 are Plaintiff's characterizations and conclusions of law to which no response is required. Further, the phrase "realistic and meaningful 'total return' approach" is vague and ambiguous such that Defendant is unable to formulate a response thereto.

39. The allegations in Paragraph 39 are vague and ambiguous such that Defendant is unable to formulate a response thereto. The referenced but unspecified reports speak for themselves and are the best evidence of their contents.

40. Defendant denies the allegations in Paragraph 40.

41. As to the allegations in Paragraph 41, Defendant admits that Congress has enacted the listed Acts. The remaining allegations in Paragraph 41 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited Acts speak for themselves and are the best evidence of their contents.

42. The allegations in Paragraph 42 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute and Acts speak for themselves and are the best evidence of their contents.

**COUNT I—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY RELIEF ARISING FROM DEFENDANT'S ALLEGED BREACH OF FIDUCIARY DUTY WITH RESPECT TO THE MANAGEMENT OF THE TRIBE'S LANDS**

43. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 42 above.

44. Defendant admits the allegations in Paragraph 44. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, of the Tribe's land held in trust by the Defendant, including negotiation of easements, rights of way, and leases.

45. Defendant admits the allegations in the first sentence of Paragraph 45. The allegations in the second and third sentences of Paragraph 45 are Plaintiff's characterizations and conclusions of law to which no response is required.

46. The allegation in the first sentence of Paragraph 46 is Plaintiff's characterization and conclusion of law to which no response is required. Defendant denies the allegations in the second sentence of Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

**COUNT II—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY RELIEF ARISING FROM DEFENDANT'S ALLEGED BREACH OF FIDUCIARY DUTY WITH RESPECT TO DEPOSIT AND INVESTMENT TRUST FUNDS**

48. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 47 above.

49. The allegations in Paragraph 49 are Plaintiff's characterizations and conclusions of law to which no response is required. Defendant also avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies. The cited statutes, case law and other "applicable regulations" speak for themselves and are the best evidence of their contents.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in the first and third sentences of Paragraph 51. The allegations in the second sentence of Paragraph 51 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited case law speaks for itself and is the best evidence of its contents.

52. Defendant denies the allegations in Paragraph 52.

**COUNT III—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY RELIEF ARISING FROM DEFENDANT'S BREACH OF FIDUCIARY DUTY WITH RESPECT TO THE MANAGEMENT OF JUDGMENT FUNDS**

53. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 52 above.

54. Defendant admits the allegations in the first and second sentences of Paragraph 54. Defendant also avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies. The allegation in the third sentence of Paragraph 54 is Plaintiff's characterization and conclusion of law to which no response is required. The referenced case law speaks for itself and is the best evidence of its contents.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

**COUNT IV—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY JUDGMENT ARISING FROM THE ALLEGED TAKING OF THE TRIBE'S ABORIGINAL LANDS**

57. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 56 above.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

**COUNT V—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY JUDGMENT ARISING FROM THE ALLEGED TAKING OF THE TRIBE'S NATURAL RESOURCES, INCLUDING, BUT NOT LIMITED TO MINERAL AND WATER RIGHTS**

60. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 59 above.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

**COUNT VI—PLAINTIFF'S ALLEGATIONS ABOUT JUDGMENT IN FAVOR OF THE TRIBE**

63. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 62 above.

64. Defendant denies the allegations in Paragraph 64.

**PLAINTIFF'S PRAYER FOR RELIEF**

1. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 1 of Plaintiff's prayer for relief.

2. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 2 of Plaintiff's prayer for relief.

3. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 3 of Plaintiff's prayer for relief.

4. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 4

of Plaintiff's prayer for relief.

5. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 5 of Plaintiff's prayer for relief.

**GENERAL DENIAL**

Defendant denies any allegations of the Amended Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and any other equitable defenses.

4. To the extent Plaintiff asserts claims that it or its privies or predecessors in interest asserted or could have asserted in a prior adjudication in which a court or tribunal of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel. *See Indians of California v. United States*, 102 Ct. Cl. 837 (1944) and *Thompson, et al. v. United States*, 13 Ind. Cl. Comm. 369 (1964).

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 10th day of June 2008.

RONALD J. TENPAS
Assistant Attorney General

*s/ Terry M. Petrie*
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (303) 844-1350
Terry.Petrie@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
JARED S. PETTINATO
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021
Anthony.Hoang@usdoj.gov
Jared.Pettinato@usdoj.gov

SHANI N. WALKER
JOSHUA EDELSTEIN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service

United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was served on June 10, 2008, by Electronic Case Filing, on the following counsel:

Sandra Benechik Harrison
Jacquelyn V. Duffy
Andrews Davis, P.C.
100 North Broadway
Suite 3300
Oklahoma City, OK 73012

*Counsel for Plaintiff*

*s/ Terry M. Petrie*
TERRY M. PETRIE