# In the United States Court of Federal Claims

No. 06-935 L
(Filed: July 9, 2008)

| | |
|---|---|
| SEMINOLE NATION OF OKLAHOMA, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

## ORDER

Before the court is plaintiff's Motion for Document Preservation Order, Confidentiality Agreement and Protective Order. In its reply brief, plaintiff represents that the parties reached an agreement for a Joint Stipulated Confidentiality Agreement and Protective Order, which was ultimately filed with the court on June 12, 2008. Given the parties' agreement with respect to a confidentiality agreement and protective order, thus mooting the issue, the court addresses only the remainder of plaintiff's motion: its request for a document preservation order ("DPO").

Plaintiff requests that the court enter a DPO that it represents is "substantially similar to those entered in the The Kaw Nation of Oklahoma v. United States, No. 06-934." Pl.'s Mot. 1. Defendant, however, emphasizes, among other things, that the Kaw Nation of Oklahoma DPO created difficulties in that proceeding and ultimately was modified by the court. See Def.'s Resp. 5-6 (arguing that the "history of this issue in Kaw Nation is important here because Plaintiff has proposed an order strikingly similar to the Kaw Nation hybrid preservation/discovery order"). Specifically, defendant maintains that the proposed DPO goes beyond the scope of addressing preservation issues and is overly burdensome because it "sets forth a schedule requiring that the Government simultaneously make available potentially relevant documents . . . in a large number of records sites involving many different agencies." Id. at 3; accord id. at 2 ("[T]he order proposed by Plaintiff does not even truly address preservation issues. Instead the proposed order would dictate the actual production of materials, providing Plaintiff immediate authority to proceed with burdensome discovery that exceeds the scope permitted by the Rules of the Court of Federal Claims ("RCFC")."). Defendant also argues that plaintiff has failed to demonstrate the need for a DPO in this case. Id. at 1.

Defendant appended extensive exhibits to its response. These exhibits document the government's implementation of protocols designed to preserve relevant documents. They also

contain numerous declarations from agency officials explaining in detail the undue burdens these agencies would encounter should the court enter plaintiff's proposed DPO. Plaintiff responds to these exhibits by stating that the agencies' protocols defendant references were designed to address the concerns expressed by Judge Royce C. Lamberth in Cobell v. Norton, No. 96-1285 (D.D.C. filed June 10, 1996), and that the government's actions "do[] not eliminate the need for a document preservation order." Pl.'s Reply 2. Noting that this court previously has taken judicial notice of Judge Lamberth's findings in Cobell, see id. at 3 (citing Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 138-39 & n.9 (Fed. Cl. 2004)), plaintiff argues that the "additional precaution of document preservation . . . is not an unreasonable or unequitable request when weighed against the irreparable harm which would result if any documents are mistakenly destroyed or lost," id. at 2.

The court agrees with plaintiff that a DPO serves as an additional precaution, particularly in light of the prior loss or destruction of documents in related cases:

> [T]he failures evidenced in Cobell appear to be so pervasive and systemic as to provide ample support for the issuance of a document preservation order in this case. If nothing else[,] such a preservation order will reemphasize that defendant needs to take extraordinary precautions . . . to prevent either the purposeful or inadvertent destruction or loss of records.

Pueblo of Laguna, 60 Fed. Cl. at 139. Therefore, the court disagrees with defendant's assessment that no preservation order is necessary given the voluminous efforts discussed in defendant's response and detailed in its exhibits. Nevertheless, upon review of plaintiff's proposed DPO, the court agrees with defendant's assessment that the proposed DPO is far too broad, unduly burdensome, and reaches into the realm of a discovery order.

Plaintiff's proposed DPO sets forth a general provision detailing the parties' general obligation to preserve documents and other materials; however, it also contains provisions concerning document inspection, document production, and the imposition of deadlines by which the parties shall furnish, inter alia, indices and inventories, and designations of boxes or records sought for review. It establishes protocols for the movement of boxes, document production, and the availability of records for inspection and designation. These provisions, rather than imposing an affirmative obligation upon the parties to preserve documents, set forth discovery procedures and processes. See Def.'s Resp. 21 ("[T]he proposed order provides very little instruction about preserving documents. . . . Instead, a cursory examination reveals that the vast majory of the proposed order's provisions govern discovery processes."). It is unclear from plaintiff's reply whether plaintiff acknowledges or disputes defendant's contention that its proposed DPO is designed to impact the discovery process merely beyond the preservation of documents. Compare Pl.'s Reply 4 ("Despite Defendant categorization of the Plaintiff's proposed order as a 'discovery order,' Plaintiff does intend for the document preservation order to replace traditional discovery procedures as required under the Rules of the Court of Federal Claims . . . or the Federal Rules of Civil Procedure . . . ."), with id. ("Plaintiff's mechanisms included in the

document preservation order are only intended to ensure no previous destruction of documents has occurred.”). Regardless, the court will not permit plaintiff to misuse a DPO as a discovery tool.

Defendant notes that “no effort has been undertaken to follow” established rules and procedures for discovery in this case at this time. Def.’s Resp. 21. Specifically, defendant indicates that the parties have not conducted their meeting of counsel or filed their joint preliminary status report, as required by Appendix A of the RCFC. The court notes that defendant’s answer was first filed on June 10, 2008, and that the parties’ JPSR is due by August 4, 2008. Therefore, the parties have ample time to conduct their meeting of counsel and address discovery issues during their preparation of the JPSR. Given the parties’ ability to negotiate the terms of a confidentiality agreement and protective order, the court believes that the parties can successfully negotiate the terms of a DPO such that both parties’ concerns are adequately addressed. Pursuant to section III, paragraph 5 of Appendix A of the RCFC, the parties shall set forth a proposed discovery plan in their JPSR. The court directs the parties to append a proposed DPO to their JPSR or, in the absence of an agreement upon the terms of a DPO, indicate the areas of disagreement in the JPSR.

To summarize, the court is receptive to providing plaintiff with “an additional safeguard for the documents relevant in this litigation.” Pl.’s Reply 5. However, the court will neither saddle defendant with unreasonable obligations nor permit plaintiff to use a DPO as a means to circumvent normal discovery procedures. Therefore, the court **GRANTS IN PART** plaintiff’s motion insofar as it requests entry of a DPO. Because it finds that plaintiff’s proposed DPO encompasses elements that exceed the scope of a DPO, the court **DENIES IN PART** plaintiff’s motion to enter its proposed DPO. Furthermore, for the reasons noted above, the court **DENIES IN PART AS MOOT** those portions of plaintiff’s motion concerning the terms of a confidentiality agreement and protective order. **The parties shall file a proposed DPO with their JPSR, which is due by no later than August 4, 2008, and, in the absence of an agreement with respect to discovery or the terms of a DPO, shall set forth their respective positions in the JPSR.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge