IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SEMINOLE NATION OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No.: 06cv00935L<br>Judge Margaret Sweeney |

# **PARTIES' SIXTH JOINT STATUS REPORT**

Pursuant to this Court's order dated April 13, 2007, Docket No. (Doc. #) 13, Plaintiff and Defendant (the parties herein) submit the following sixth joint report about the status of certain Tribal trust accounting and trust mismanagement cases that have been filed in this Court and in various United States District Courts.

1. There are presently 98 Tribal trust accounting and trust mismanagement cases in this Court, in the United States District Court for the District of Columbia, and in the United States District Courts of Oklahoma. Exhibit 1. Of those 98 cases, fifty-three (53) cases are in this Court; thirty-eight (38) are in the United States District Court in the District of Columbia; and seven (7) are in various United States District Courts in Oklahoma. Id. About thirty (30) Tribes or Tribal entities filed cases in this Court and in the United States District Court. Id. Plaintiff is one of those Tribes with cases in both courts. Id.

## Cases Brought by Plaintiff's Counsel and Law Firm

2. Under the Court's order, the parties are required to report on the status of the following five (5) cases brought by Plaintiff's counsel and law firm in this Court: Kaw Nation of Oklahoma v. United States, No. 06-cv-00934-FMA; Otoe-Missouria Tribe of Indians v. United States, No. 06-cv-00937-LAS; Seminole Nation of Oklahoma v. United States, No. 06-cv-00935-

MMS; Tonkawa Tribe of Indians v. United States, No. 06-cv-00938-BAF; and Miami Tribe v. United States, No. 08-cv-104-LMB.

3. Additionally, the parties are required to report on the status of the following four companion cases brought by Plaintiff's counsel and her law firm in various United States District Courts in Oklahoma: Kaw Nation v. Kempthorne, No. 06-cv-01437-W (W.D. Okla.); Otoe-Missouria Tribe of Indians v. Kempthorne, No. 06-cv-01436-C (W.D. Okla.); Seminole Nation of Oklahoma v. Kempthorne, No. 06-cv-00556-SPS (E.D. Okla.); and Tonkawa Tribe of Indians v. Kempthorne, No. 06-cv-01435-F (W.D. Okla.).

4. As to the cases brought by Plaintiff's counsel and law firm in this Court, the following has taken place since the last update:

a. In Kaw Nation, No. 06-cv-00934-FMA, which, at the parties' request, has been referred to Senior Judge Bruggink for alternative dispute resolution (ADR) purposes, the Parties filed a joint status report on July 18, 2008, about the status of their informal discovery efforts. Doc. #40. On July 15, 2008, Plaintiff served informal discovery requests on Defendant. Counsel for the Parties conferred about Plaintiff's informal discovery requests on July 22, 2008, and they agreed that Plaintiff would review, re-evaluate, and revise its informal requests, as appropriate, and that, in the interim, Defendant did not have to respond to the requests. The Parties' next joint status report is due October 17, 2008.

b. In Otoe-Missouria Tribe, No. 06-cv-00937-LAS, Defendant filed its Answer to the Second Amended Complaint on May 20, 2008. Doc. #14. On July 3, 2008, at the Parties' request, the Court extended the deadline for filing a Joint Preliminary Status Report

(JPSR) to and including July 16, 2008 (Doc. #16). The parties timely filed the JPSR on July 16. Doc. #18.

c. In this case, Seminole Nation, No. 06-cv-00935-MMS, on July 9, 2008, the Court approved of and entered the Parties' jointly proposed CAPO as an Order. Doc. #44. Also, the Court granted in part and denied in part Plaintiff's motion for Document Preservation Order (DPO). Doc. #45. As directed by the Court, Doc. #45, counsel for the Parties are negotiating to determine whether they can agree upon the terms of a DPO that they can jointly propose to the Court as an order, on or before August 4, 2008. If the Parties cannot agree on the terms of a jointly proposed DPO, they will make separate submissions to the Court. *Id.*

d. In Tonkawa Tribe, No. 06-cv-00938-BAF, on June 3, 2008, Defendant filed its Answer to the Second Amended Complaint. Doc. #20. The parties conducted the Early Meeting of Counsel of July 8, 2008, and filed the JPSR on July 22, 2008. Doc. # 21.

e. In Miami Tribe, No. 08-cv-104-LMB, on June 18, 2008, the Court served a copy of the Complaint on Defendant (Doc. #8) and set July 29, 2008, as the filing deadline for the Answer. The case has been assigned to Senior Judge Bruggink for ADR purposes. On June 4, 2008, Judge Bruggink issued a notice relating to the Court's ADR procedures. Doc. #9.

5. As to the cases brought by Plaintiff's counsel and her law firm in the various United States District Courts in Oklahoma, the following has taken place since the last update:

a. In Kaw Nation, No. 06-cv-01437-W (W.D. Okla.), which, at the parties' request, has been temporarily stayed for settlement or ADR purposes, Plaintiff served informal discovery requests on Defendant on July 15, 2008. Counsel for the Parties conferred about Plaintiff's informal discovery requests on July 22, 2008, and they agreed that Plaintiff would

review, re-evaluate, and revise its informal requests, as appropriate, and that, in the interim, Defendant did not have to respond to the requests. The Parties' next joint status report is due August 7, 2008.

b. In Otoe-Missouria Tribe, No. 06-cv-01436-C (W.D. Okla.), on June 3, 2008, the Court entered an order lifting the temporary stay of litigating and setting a deadline of July 14, 2008, for all motions relating to jurisdiction and discovery. On July 14, 2008, Defendant filed a motion to dismiss the Amended Complaint. Doc. #35. Plaintiff's response to Defendant's motion is due August 1. Plaintiff intends to file a Motion for Enlargement of Time within which to file the response.

c. In Seminole Nation, No. 06-cv-00556-SPS (E.D. Okla.), pursuant to a scheduling order, Doc. #37, Defendant filed a motion to dismiss the Amended Complaint on June 30, 2008. Doc. #41. Also pursuant to the scheduling order, Doc. #37, Plaintiff is scheduled to respond to the Defendant's motion by August 25, 2008, and Defendant is scheduled to file its reply, if any, by September 22, 2008.

d. In Tonkawa Tribe, No. 06-cv-01435-F (W.D. Okla.), at Plaintiff's request and without objection by Defendant, the Court entered an Order on June 3, 2008, extending the temporary stay of litigation and directing that the Parties (1) submit a joint status report and joint proposed scheduling order by September 5, 2008; (2) attend a supplemental status/scheduling conference on October 7, 2008; and (3) meet and confer on document preservation and protection issues. Doc. #28.

Cases in "Active Litigation" in the Court of Federal Claims

6. Under this Court's order dated April 13, 2007, Doc. #14, Defendant is required to report any developments in those Tribal trust accounting and trust mismanagement cases in the CFC that are in "active litigation" since the last joint status report:

a. In Ak-Chin Indian Community v. United States, No.06-cv-00932-ECH, the parties are actively conducting discovery.

b. In Belgarde v. United States, No. 07-cv-00265-CFL, the litigation has been temporarily stayed by the Court pending resolution of the issues on appeal in Wolfchild, et al. v. United States, No. 03-cv-02684-CFL.

c. In Chippewa Cree Tribe of the Rocky Boy's Reservation; Little Shell Tribe of Chippewa Indians; Turtle Mountain Band of Chippewa Indians; White Earth Band of Chippewa Indians v. United States (Pembina Judgment Fund), No. 92-cv-00675-ECH, the parties held two ADR conferences before Judge Eric Bruggink (both in June 2008), and they scheduled the next one for August 2008. Doc. ##330, 332, 339, Minute Entries 6/12/2008, 6/26/2008.

The parties filed joint status reports on June 3, 2008, and July 1, 2008, and the Court held status conferences on June 4, 2008, and July 2, 2008. Doc. ##331, 333, 334, 336; Minute Entries 6/04/2008, 7/02/2008. The Court set the next joint status report due August 25, 2008, the next Status Conference for August 26, 2008, and Plaintiff's discovery request due by July 11, 2008. Doc. #337.

d. In Colorado River Indian Tribes v. United States, No. 06-cv-00901-LAS,

the parties filed their JPSR on June 3, 2008. Doc. #24. The Court has scheduled a status conference for July 25, 2008. Doc. #26.

e. In Eastern Shawnee Tribe of Oklahoma v. United States, No. 06-cv-00917-CFL, after receiving briefs by the parties and conducting a hearing on its order to show cause why the case should not be dismissed under 28 U.S.C. Section 1500, the Court issued an opinion and order dismissing the case on June 23, 2008. Doc. ##22, 23, 24, 25, 28. Minute entry dated June 11, 2008. The Court entered judgment pursuant to Rule 58 of the Rules of the Court of Federal Claims (RCFC) and dismissed the case on June 27, 2008. Doc. #29.

f. In Eastern Shoshone Tribe of the Wind River Reservation v. United States and Northern Arapaho Tribe of the Wind River Reservation v. United States, No. 79-cv-00458-ECH (redesignated No. 79-cv-004582) and No. 06-cv-00903-ECH, (consolidated cases), the Court held status conferences on April 28, 2008, May 12, 2008, June 2, 2008, June 26, 2008, and July 21, 2008, and scheduled another for August 6, 2008. Doc. ##44, 46, 47, 48. Minute Entries 4/28/2008, 5/12/2008, 6/02/2008, 6/26/2008, 7/21/2008. The parties are continuing settlement discussions on the current phase of the litigation.

g. In Jicarilla v. United States, No. 02-cv-00025-FMA, the parties filed a joint status report on May 12, 2008, in which Plaintiff stated that it had retained new counsel and provided notice that it would terminate the ADR process. Doc. #141. After Plaintiff filed a motion to vacate the stay of proceedings in the case on May 13, 2008, the parties conducted a status conference before Senior Judge Bruggink on May 14, 2008. Docs. ##142, 143. Minute entry dated May 14, 2008. The Court removed the case from ADR on June 16, 2008. Doc. #147. The parties filed a JPSR on June 25, 2008. Doc. #148. On July 1, 2008, the Court

granted Plaintiff's motion to vacate the ADR stay of proceedings and restored the case to the active docket. Doc. #149. The Court is conducting a joint status conference on July 25, 2008. Doc. #150; minute entry dated July 18, 2008.

h. In Miami Tribe v. United States, No. 08-cv-00104-LMB, at Plaintiff's request, the United States District Court for the Northern District of Oklahoma transferred the case to the Court of Federal Claims, where it was lodged on May 30, 2008. Doc. #8. The filing deadline for the Answer is July 29, 2008. Docket entry dated May 30, 2008.

i. In Navajo Nation v. United States, No. 06-cv-00945-FMA, which, at the parties' request, has been referred to ADR, the parties conducted telephonic ADR status conferences with ADR Judge Bruggink on April 23, May, 23, and June 26, 2008. Docs. ##52, 55; minute entries dated April 23, May 23, and June 26, 2008. Judge Bruggink has scheduled another ADR status conference for July 29, 2008. Doc. #59.

On April 15, 2008, Defendant provided notice to the Court that the Solicitor's Office and the Bureau of Indian Affairs (BIA) of the Interior Department had discovered documents at the BIA offices in Gallup, NM, that had suffered some water and/or mold contamination. Doc. #49. The Court ordered Defendant on April 16, 2008, to provide further information regarding the document damage discovery. Doc. #50. On May 8, 2008, Defendant provided such information. Doc. #53. The Court conducted a telephonic status conference with the parties regarding the matter on June 6, 2008. Doc. #54; minute entry dated June 6, 2008. On July 8, 2008, Defendant filed a supplemental notification of its additional discovery of possible presence of mold or water damage to documents. Doc. #60. The parties filed a joint status report on July 9, 2008. Doc. #61. On July 10, 2008, Defendant filed a motion to modify the

record retention order that had been entered in the case, so as to permit the transportation of the water- and mold-damaged documents to Albuquerque for investigation and restoration. Docs. ##56, 62. The Court granted the motion the next day. Doc. #64. Defendant filed on July 11, 2008, a motion to approve Defendant's plan for external review of boxes of inactive BIA records and walk-through of storage facilities on the Navajo Nation. Doc. #63. Plaintiff's response is due July 28, 2008. Id.

j. In Nez Perce Tribe v. United States, No. 06-cv-00910-CFL, Plaintiff filed a response on May 23, 2008, to an order to show cause why the case should not be dismissed under 28 U.S.C. Section 1500. Doc. #15. Pursuant to court order, Defendant filed its response to the show cause order on July 8, 2008. Doc. #18. Plaintiff filed its reply on July 18, 2008. Doc. #20. The Court heard oral argument on July 22, 2008, and scheduled an evidentiary hearing on August 5, 2008. Doc. #19.

k. In Osage Nation of Oklahoma v. United States, No. 99-cv-00550-ECH and No. 00-cv-169-ECH (consolidated cases), some of the headright owners moved to intervene, and Plaintiff moved to disqualify counsel for the proposed intervenors based on his previous service as Plaintiff's counsel. Docs. ##279, 280, 282-284, 286-288. On March 31, 2008, the Court granted the motion to disqualify counsel for the proposed intervenors. Docs. #292, 296. On May 30, 2008, the Court granted a motion for an extension of time until July 2, 2008, for the proposed intervenors to retain new counsel. Docs. ##302, 303. The proposed intervenors retained new counsel, who entered an appearance for their behalf on July 2, 2008, and obtained leave from the Court to file an amended motion to intervene on July 11, 2008. Docs. #310, 314,

315. Also on July 2, the Court issued an order setting a schedule for responses to the Proposed Intervenors' motion to intervene and amend complaint. Doc. #311.

Following a status conference with the parties on May 16, 2008, the Court issued a scheduling order on May 19, 2008, that delineated a schedule for a motion for partial summary judgment: submission of a joint statutory and regulatory appendix due June 30, 2008; status conference set for July 25, 2008; fact discovery due by August 18, 2008; the motion for partial summary judgment due September 2, 2008; the response due by October 28, 2008; and the reply due by November 25, 2008. Doc. #300; minute entry dated May 16, 2008. The parties submitted a joint statutory and regulatory appendix on June 30, 2008. Doc. #309.

On June 5, 2008, Plaintiffs filed a motion to compel the former and now disqualified counsel for the proposed intervenors to comply with a subpoena duces tecum regarding certain documents and files relating to Plaintiff's case. Doc. #304. The Court granted on June 23, 2008, a motion for an extension of time until July 10, 2008, for the disqualified counsel for the proposed intervenors to respond to Plaintiffs' motion to compel. Doc. ##307, 308. On July 7, 2008, the Court issued an order finding Plaintiff's motion to compel was moot after Plaintiff was able to negotiate a resolution of its subpoena duces tecum with its former counsel and withdrew its motion on July 3, 2008. Doc. ##312, 313.

l. In Passamaquoddy Tribe v. United States, No. 06-cv-00942-LJB, after conducting an evidentiary hearing and receiving post-hearing briefs in response to Defendant's motion to dismiss pursuant to 28 U.S.C. §1500, Doc. #20, the Court issued an opinion and order dismissing the case pursuant to Section 1500, on June 19, 2008. Docs. ##23, 26, 30-34, 36. The Court entered judgment pursuant to Rule 58 on June 23, 2008. Doc. #36.

m. In Pueblo of Laguna v. United States, No. 02-cv-00024-FMA, which, at the request of the parties, has been referred to ADR, the parties filed a joint status report on May 12, 2008, and ADR Judge Bruggink held telephonic ADR status conferences on May 23, 2008, and June 26, 2008. Doc. #127; minute entries dated May 23, 2008 and June 26, 2008.

n. In Quechan Tribe of the Fort Yuma Indian Reservation v. United States, No. 06-cv-00888-SGB, the parties filed a supplemental joint status report on April 25, 2008. Doc. #27. On April 28, 2008, the Court issued a scheduling order specifying that: initial fact discovery is to be completed by November 17, 2008; an amended complaint is to be filed by February 16, 2009, fact discovery regarding defenses is to be completed by June 15, 2009; and dispositive motions are to be filed by July 15, 2009. Doc. #28.

o. In Round Valley Indian Tribes v. United States, No. 06-cv-00900-SGB, the Court conducted status conferences on May 12, 2008, and May 22, 2008. Doc. ##33, 34; minute entries dated May 12 and 29, 2008. On May 30, 2008, Plaintiff filed a motion for a hearing regarding the Interior Department's Box Index Search System (BISS), which is an indexing system for managing and retrieving boxes located at Interior's American Indian Records Repository (AIRR), in Lenexa, Kansas. Doc. #37. The motion included a request to compel information from Defendant in advance of the hearing. Id. Defendant filed its response on June 11, 2008, and the Court conducted a status conference regarding the matter on June 16, 2008. Doc. ##39, 40; minute entry dated June 19, 2008. On June 23, 2008, Plaintiff withdrew its motion seeking a hearing on the BISS and its request to compel. Doc. #43. The Court entered an order on June 25, 2008, noting that Plaintiff's motion to schedule a hearing had been

withdrawn. Doc. #44. The Court is conducting an informal hearing or status conference about the AIRR and the BISS on July 29, 2008.

p. In Salt River-Pima-Maricopa Tribes v. United States, No. 06-cv-00943-LMB, the parties field a joint status report on May 22, 2008. Doc. #51. A day later, the Court issued an order striking the joint status report because of the argumentative nature of Plaintiff's positions and directing the parties to submit a revised report by June 10, 2008. Doc. #52. The parties did so. Doc. #53. The Court issued an order on June 25, 2008, following a status conference on that day, addressing the parties' agreement on matters relating to fact discovery, filing of joint status reports before and after the close of fact discovery; the issuance of the Court's provisional confidentiality protective order; and the request of the parties' comments about that order. Docs. ##54, 55. On July 3, 2008, the parties filed a joint motion with proposed changes to the Court's provisional order. Doc. #57. On the same date, Defendant filed supplemental proposed changes to the provisional order. Doc. #58. Plaintiff filed an opposition to Defendant's supplemental proposed changes on July 8, 2008. Doc. #59. The parties await a ruling by the Court.

q. In United Keetoowah Band of Cherokee Indians in Oklahoma v. United States, No. 06-cv-00936-TCW, on May 30, 2008, Defendant filed a response to the Court's inquiry about whether 28 U.S.C. Section 1500 provided an appropriate basis to dismiss Plaintiff's case on grounds of jurisdiction. Doc. #16. Based on Defendant's response, the Court issued an Order on June 2, 2008, setting deadlines for Defendant's limited discovery regarding time of filing and for Defendant's motion to dismiss under Section 1500. Doc. #17. On July 2, 2008, the parties filed a joint status report. Doc. #18. On July 18, 2008, pursuant to the Court's

order of June 2, 2008, Defendant filed a motion to dismiss Plaintiff's case under 28 U.S.C. Section 1500. Doc. #19.

r. In Wolfchild, et al. v. United States, No. 03-cv-02684-CFL, on June 25, 2008, the Court issued an order regarding the inadvertent disclosure of names of anonymous plaintiffs and directed the clerk to seal the files pertinent to the anonymous plaintiffs (the Anonymous Walker Group) and the intervening plaintiffs. Doc. #672. The Court also requested the parties to submit status reports by July 9, 2008, regarding what additional steps should be taken. Id. The Anonymous Walker Group filed a motion for a protective order which the Court later granted in part and denied in part on July 3, 2008. Doc. #676. Subsequently, the Anonymous Walker Group filed a sealed motion seeking a federal investigation into the circumstances surrounding the release of protected materials. Doc. ##677, 678. Other parties filed status reports on July 9 and 10, 2008. Doc. ##678-682. On July 17, 2008, the Court issued an order setting an evidentiary hearing for August 6, 2008, to address the extent of the disclosure of sealed information. Doc. ##683, 684.

s. In Yankton Sioux Tribe v. United States, No. 05-cv-01291-LB, pursuant to the Court's order of April 23, 2008, Defendant filed a motion on May 23, 2008, to dismiss the case under 28 U.S.C. Section 1500. Doc. #23. Plaintiff filed an opposition on June 23, 2008, and Defendant filed its reply on July 9, 2008. Doc. ##24, 25. The parties await the Court's decision.

t. In Yomba Shoshone Tribe v. United States, No. 06-cv-00896-EJD, on March 25, 2008, Defendant requested a stay of the remaining proceedings, including the deadline for responding to the Amended Complaint (which, among other things, added Indian individuals

as plaintiffs in the case), pending the Court's ruling on its dismissal motion. Doc. #26. After an extension of time, on March 28, 2008, Defendant filed a motion to dismiss the Yomba Shoshone Tribe from the litigation. Doc. #27. The Court granted Defendant's request to stay its response to the Amended Complaint pending resolution of Defendant's motion to dismiss the Yomba Shoshone Tribe. Doc. #26. Plaintiff sought an extension of time, to and including May 16, 2008, to file its opposition to Defendant's dismissal motion, which the Court granted. Docs. #28; Order 4/21/2008. On May 16, 2008, Plaintiff filed a response to Defendant's dismissal motion. Doc. #29. Defendant filed its reply on July 11, 2008. Doc. #36.

On May 22, 2008, Plaintiff filed a motion to supplement pleadings under Rule 15(d), seeking leave to file a Second Amended Complaint. Doc. #30. After receiving an extension of time, Defendant filed a response to Plaintiff's motion on June 9, 2008. Doc. ##31, 32. After Plaintiff filed its reply, on June 24, 2008, the Court granted Plaintiff's motion for leave to file a Second Amended Complaint. Doc. ##33, 34. Plaintiff filed its Second Amended Complaint on June 25, 2008. Doc. #34.

## Next Joint Status Report

The parties will file their next joint status report on October 21, 2008.

Respectfully submitted this 23rd day of July, 2008,

RONALD J. TENPAS
Assistant Attorney General

*s/ Sandra Benischek Harrison*____________
SANDRA BENISCHEK HARRISON
Andrews Davis, P.C.
100 North Broadway Avenue
Suite 3300
Oklahoma City, OK
Tel: (405) 272-9241
Fax: (405) 235-8786

Attorney of Record for Plaintiff

*s/ Terry M. Petrie*________________
TERRY M. PETRIE
United States Department of Justice
Environment Division., NRS
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303)-844-1369
Fax: (303) 844-1350

Attorney of Record for Defendant

OF COUNSEL:

MICHAEL D. MCMAHAN, OBA #17317
Andrews Davis, P.C
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Tel: (405) 272-9241
Fax: (405) 235-8786

JENNIFER HENSHAW MCBEE, OBA #19170
Andrews Davis, P.C
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Tel: (405) 272-9241
Fax: (405) 235-8786

JACQUELYN V DUFFY, OBA #21630
Andrews Davis, P.C.
100 North Broadway, Suite 3300
Oklahoma City, OK 73102
Tel: (405) 272-9241
Fax: (405) 235-8786

OF COUNSEL:

ANTHONY P. HOANG
JARED PETTINATO
United States Department of Justice
Environment Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241, -0203
Fax: (202) 353-2021

SHANI WALKER
JOSHUA A. EDELSTEIN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227