**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SEMINOLE NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 06-CV-935-S |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | Judge Margaret M. Sweeney |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

**PARTIES' JOINT STIPULATION REGARDING DOCUMENT PRESERVATION OF CERTAIN DOCUMENTS, DATA, AND/OR OTHER MATERIALS TO BE PROVIDED BY DEFENDANT TO PLAINTIFF**

Whereas this Court has determined that there is a need for an obligation regarding the retention or preservation of certain "documents, data, and tangible things" in this case, the parties hereby stipulate and agree to the following:

1. Obligation to Preserve Certain Documents, Data, and Tangible Things

During the pendency of this litigation (including informal settlement discussions, ADR, and any appeals herein), the parties, as well as their agencies, their employees, and their agents, shall take reasonable steps to preserve those documents, data, or tangible things that are in their possession, custody, or control, and that contain information that is relevant to, or may reasonably lead to the discovery of information that is relevant to, the subject matter of the pending litigation (including claims and defenses), as that subject matter is set forth in the Complaint, and any amendments to it, and the Answer to such Complaint, and any amendments to it.

2. Definitions

For purposes of this Joint Stipulation, the following definitions apply:

(a) "Documents, data, and tangible things" shall be interpreted broadly to consist of writings; records; files; contracts; leases; correspondence; reports; memoranda; calendars; diaries; minutes; electronic mail (email) or other electronic messages; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media, such as tapes, disks, and cards; printouts; document image files; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic or digital recordings, or transcripts thereof; and drafts. The term also shall include information that serves to identify, locate, or link documents, data, and tangible things, such as file inventories and indices.

(b) "Preserve" shall be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under RCFC 26, 45, and 56(e) in this case. "Preserve" includes the parties taking reasonable steps to prevent the partial or full destruction, alteration, deletion, shredding, incineration, wiping, theft, or mutation of documents, data, and tangible things, and any negligent or intentional handling that would make material incomplete or inaccessible. The term also includes the parties taking reasonable steps to prevent the relocation of documents, data, and tangible things, if such relocation would result in the documents, data, or tangible things no longer being

in the possession, custody, or control of the party from whom the documents, data, and tangible things are relocated.

3. Mechanism for Ensuring Compliance With This Joint Stipulation

The parties shall each establish a mechanism for ensuring on-going compliance with this Joint Stipulation, such as periodic reminders of record retention obligations to be sent to appropriate document entities by a date to be determined by the Court and then every six months thereafter for the pendency of this case. Counsel shall notify the Court and opposing counsel, as soon as is reasonably possible, if, at any time, they become aware of a violation of Paragraph 1 of this Joint Stipulation (*i.e.*, the destruction or loss of certain documents, data, and/or tangible things).

4. Movement and Transfer of Records

When the Department of the Interior moves Indian trust records to the American Indian Records Repository (AIRR) in Lenexa, Kansas, according to the procedures and protocols described in the Indian Affairs Records Management Manual, the Department of the Interior must provide Plaintiff a written description of the documents it intends to move at least 10 days before it moves them. The descriptions must indicate the documents' general description (e.g., realty records, oil and gas records, bank records, trust fund records, etc.), the approximate volume of the documents, the date range of those documents when reasonably necessary to identify the documents, and the location from which the documents are being moved to the AIRR. When the Department of the Interior provides that written description, it satisfies this provision.

5. Dispute Resolution

If a party desires clarification of any issues related to the parties' obligations pursuant to, or compliance with, this Joint Stipulation, or believes that the opposing party has violated any term of this Joint Stipulation, the party shall notify the opposing party in writing and state the issues requiring clarification or the grounds upon which the party has formed such belief. As soon as practicable after receiving such written notification, the parties shall meet and confer in an attempt to clarify the issues in a mutually agreeable manner or resolve the dispute. If the parties cannot clarify the issues in a mutually agreeable manner or do not resolve the dispute, within a period of 20 days either party may file a motion with the Court seeking a ruling regarding the parties' obligations under, and compliance with, this Joint Stipulation.

6. Further Instructions, Clarification, or Modification of This Joint Stipulation

Each party may apply to the Court, at any time, for further instructions, clarification, or modification of this Joint Stipulation, regarding, *inter alia*, their obligations to preserve specific categories of documents, data, and tangible things covered by the Joint Stipulation. The parties intend confer among themselves and to make a joint proposal or submission to the Court, wherever appropriate or possible.

_*s/ Jennifer Henshaw McBee*_______
*(By filing attorney with consent)*
Jennifer Henshaw McBee, OBA #19170
Kennis M. Bellmard, OBA #13965
David Pomeroy, OBA #7209
Michael D. McMahan, OBA #17317
Sandra Benischek Harrison, OBA #18647
ANDREWS DAVIS
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELLORS AT LAW
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Telephone: (405) 272-9241
Facsimile: (405) 235-8786
Email: kmbellmard@andrewsdavis.com
Email: dpomeroy@andrewsdavis.com
Email: mdmcmahan@andrewsdavis.com
Email: sbharrison@andrewsdavis.com
Email: jhmcbee@andrewsdavis.com

ATTORNEYS FOR PLAINTIFF
SEMINOLE NATION OF OKLAHOMA

RONALD J. TENPAS
Assistant Attorney General

*s/ Terry M. Petrie*____
TERRY M. PETRIE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (202) 353-2021
Terry.Petrie@usdoj.gov

OF COUNSEL:

JARED S. PETTINATO
ANTHONY P. HOANG
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0203
Tel: (202) 305-0241
Fax: (202) 353-2021
Jared.Pettinato@usdoj.gov
Anthony.Hoang@usdoj.gov

SHANI N. WALKER
JOSHUA A. EDELSTEIN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

THOMAS KEARNS
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227